07 cv 6219

JUL 0 5 2007
U.S.D.C. S.D.N.Y.
CASHIERS

5194COMPLAINT/5194KLSESERVER

KENNEDY LILLIS SCHMIDT & ENGLISH
Craig S. English (CE9890)
75 Maiden Lane - Suite 402
New York, N.Y. 10038-4816
Telephone:  212-430-0800
Telecopier: 212-430-0810
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    - v. -<br><br>DELTA AIR LINES, INC., UTi UNITED STATES, INC., & SERVICIOS LOGISTICS INTERGRADOS,<br><br>    Defendants. | 07 Civ.  ( )<br><br>COMPLAINT<br><br>ECF CASE |

  Plaintiff, American Home Assurance Company ("AHAC"), by its attorneys, Kennedy Lillis Schmidt & English, complaining of the defendants, alleges on information and belief as follows:

  FIRST:  Plaintiff's claim herein for loss and damage to cargo arises under a treaty of the United States, to wit, *The*

1

*Convention for the Unification of Certain Rules for International Carriage by Air* done at Montreal on 28 May 1999, and this Court has jurisdiction pursuant to 28 U.S.C. 1331.

SECOND: At all times mentioned herein, plaintiff AHAC was and still is a corporation organized and existing under and by virtue of the laws of the State of New York with an office and place of business c/o AI Marine Adjusters, Inc., 175 Water Street, 15th floor, New York, New York 10038.

THIRD: At all times hereinafter mentioned, defendant Delta Air Lines, Inc. (hereinafter "Delta"), was and now is a corporation organized and existing under and by virtue of the laws of one of the states of the United States with an office and place of business at Delta Air Lines Inc., Air Cargo Services, JFK International Airport, Jamaica, New York 11430 and was and now is engaged in business as a common carrier of merchandise by air for hire.

FOURTH: At all times hereinafter mentioned, defendant UTi, UNITED STATES INC. (hereinafter "UTi"), was and now is a corporation organized and existing under and by virtue of the laws one of the states of the United States with an office and place of business at 48 South Service Road, Suite 220, Melville, New York 11747, and is engaged in the business, inter alia, as a cargo handler for air carriers such as Delta.

FIFTH: At all times hereinafter mentioned, defendant Servicios Logistics Intergrados (hereinafter "SLI"), was and now is a corporation organized and existing under and by virtue of the laws of a foreign country with an office and place of business at Edificio de Serv. Generales A116, Aeropuerto de Barcelona 08820 El Prat de Llobregat, Barcelona, Spain, and is engaged in the business, inter alia, as a cargo handler for air carriers such as Delta.

FIFTH: On or about September 21, 2006, there were shipped by or on behalf of Bristol-Myers Squibb Co., then in actual good order and condition, a cargo consisting of non hazardous pharmaceutical products, namely Megace, (hereinafter, "the goods") consigned to Bristol-Myers Squibb SL for which the defendant acknowledged receipt under Master Air Waybill 006 4471 9846 and for which defendant acknowledged receipt under House Air Waybill JFK 71673838 and the said defendants agreed to carry the said goods from JFK International Airport, Jamaica, New York to Barcelona, Spain, and then and there deliver them in the same actual good order and condition as when delivered to the said defendant.

SIXTH: Thereafter the defendant Delta delivered the shipments to SLI, who in turn delivered the goods to plaintiff's assured or its representatives; however, they were not in the same good order and condition as when shipped but rather in bad

order with physical damage, all in violation of the said defendants' duties as a common carriers of merchandise by air for hire and/or as cargo handlers.

SEVENTH:  The plaintiff is the subrogated cargo underwriter of the shipper, consignee or owner of the shipments hereinafter described and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and the plaintiff is entitled to maintain this action.

EIGHTH:  By virtue of the premises, plaintiff has sustained damage in the sum of $591,023.73, as nearly as same can now be determined, no part of which has been paid although duly demanded.

NINTH:   Plaintiff demands a trial by jury.

WHEREFORE, plaintiff demands judgment against the defendants, Delta, UTi, and SLI severally up to the sum of $591,023.73 with interest from September 21, 2006, together with costs and disbursements of this action.

Dated:  New York, New York
        July 3, 2007

                                    KENNEDY LILLIS SCHMIDT & ENGLISH
                                    Attorneys for Plaintiff

                    By:

                                    _____
                                    Craig S. English (CE9890)
                                    75 Maiden Lane - Suite 402
                                    New York, New York  10038-4816
                                    (212) 430-0800