MOUND COTTON WOLLAN & GREENGRASS
Francis A. Montbach (FAM9631)
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 804-4200
Fax: (212) 344-8066
Attorneys for Defendant,
Delta Air Lines, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

AMERICAN HOME ASSURANCE COMPANY,

                Plaintiff,                              07 Civ. 6219 (DC)

       - against -                                 **ANSWER**

DELTA AIR LINES, INC., UTi UNITED
STATES, INC., & SERVICIOS LOGISTICS
INTEGRADOS,

                Defendants.
------------------------------------------------------------------x

       Defendant, Delta Air Lines, Inc. ("Delta") by its attorneys, Mound Cotton Wollan & Greengrass, as and for its Answer to the Complaint herein, alleges:

       1.    Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "SECOND", "SEVENTH" and "EIGHTH".

       2.    Denies each and every allegation contained in that paragraph of the Complaint designated "THIRD" except that it admits that it is a Delaware corporation doing business in New York and that it is a duly certified direct air carrier engaged in the transportation

of persons and property in interstate and international commerce pursuant to authority granted by the Department of Transportation of the United States.

    3.    Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Complaint designated "FOURTH", except that this defendant specifically denies that co-defendant UTi, United States, Inc., is or was a cargo handler for Delta Air Lines, Inc.

    4.    Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Complaint designated "FIFTH" (the first paragraph so designated), except that this defendant specifically denies that co-defendant Servicios Logistics Integrados was or is a cargo handler for Delta Air Lines, Inc.

    5.    Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Complaint designated "FIFTH" (the second paragraph so designated) except that it admits that it received twelve pieces of freight described as "consolidated cargo", the contents and condition of which were unknown to this defendant, for carriage between New York, New York and Barcelona, Spain, pursuant to Delta air waybill number 006-4471-9846.

    6.    Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Complaint designated "SIXTH", except that it admits that it delivered the shipment transported pursuant to Delta air waybill number 006-4471-9846 to co-defendant Servicios Logistics Integrados in Barcelona , Spain.

AS AND FOR A FIRST COMPLETE
AFFIRMATIVE DEFENSE

7. Any damages allegedly suffered by the plaintiff herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

AS AND FOR A SECOND COMPLETE
AFFIRMATIVE DEFENSE

8. The contract of carriage embarked upon by the plaintiff herein was an international transportation and as such was governed, controlled and made subject to the terms and provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention.

9. That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

10. Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

AS AND FOR A THIRD COMPLETE
AFFIRMATIVE DEFENSE

11. That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where

such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the plaintiff, its agents, servants and/or employees.

12. Upon information and belief, any loss, damage or delay was caused by or contributed to by the plaintiff, its agents, servants and/or employees.

>AS AND FOR A FOURTH COMPLETE
>AFFIRMATIVE DEFENSE

13. That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless a written notice of claim concerning such loss, damage or delay is filed with this defendant within the applicable time limit.

14. Upon information and belief, the proper written notice of claim concerning such loss, damage or delay was not filed with this defendant within the applicable time limit.

>AS AND FOR A FIFTH COMPLETE
>AFFIRMATIVE DEFENSE

15. That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay in that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

### AS AND FOR A SIXTH COMPLETE
### AFFIRMATIVE DEFENSE

16.     That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

17.     Upon information and belief, the damages allegedly suffered by the plaintiff herein are of a consequential and/or special nature.

### AS AND FOR A SEVENTH COMPLETE
### AFFIRMATIVE DEFENSE

18.     That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

19.     Upon information and belief, any loss, damage or delay allegedly suffered by the plaintiff herein was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

### AS AND FOR AN EIGHTH COMPLETE
### AFFIRMATIVE DEFENSE

20.     Plaintiff and its subrogor(s) has (have) failed and refused to mitigate their damages, if any.

### AS AND FOR A NINTH PARTIAL AFFIRMATIVE DEFENSE

21. That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, the liability, if any, of this defendant for any loss, damage or delay is limited.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST THE CO-DEFENDANTS

22. That if the defendant, Delta Air Lines, Inc., is held liable to the plaintiff herein for any loss, damage or delay, such liability on the part of Delta Air Lines, Inc., shall have been caused by or brought about by the acts and/or omissions of UTi United States, Inc., and Servicios Logistics Integrados , and, in that event, Delta Air Lines, Inc. shall be entitled to be indemnified and held harmless by UTi United States, Inc. and Servicos Logistics Integrados for all amounts including attorneys' fees.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST THE CO-DEFENDANT

23. That if the defendant, Delta Air Lines, Inc., is held liable to the plaintiff herein then, in that event, Delta Air Lines, Inc., is entitled to contribution from UTi United States, Inc., and Servicios Logistics Integrados, in an amount corresponding to the proportion of fault on the part of UTi United States, Inc. and Servicios Logistics Integrados towards the payment of any judgment which may be entered in favor of the plaintiff herein.

WHEREFORE, defendant, Delta Air Lines, Inc., demands judgment against the plaintiff dismissing this action; or in the alternative, for judgment over against the co-defendants

UTi United States, Inc., & Servicios Logistics Integrados; or, in the alternative, for a judgment with contribution as between the defendants, together with costs and disbursements.

Dated: New York, New York
July 27, 2007

        MOUND, COTTON & WOLLAN & GREENGRASS
        Attorneys for Defendant,
        Delta Air Lines, Inc.

        By _____
          Francis A. Montbach (FAM9631)
          Office and P. O. Address
          One Battery Park Plaza
          New York, New York   10004
          (212) 804-4200


TO: KENNEDY, LILLIS, SCHMIDT & ENGLISH
    Attorneys for Plaintiff
    American Home Assurance Company
    75 Maiden Lane
    Suite 402
    New York, New York   10038-4816

    UTi UNITED STATES, INC.
    100 Oceangate
    Long Beach, Los Angeles
    California   90802

    SERVICIOS LOGISTICS INTEGRADOS, S.A.
    C/ Severo Ochoa 3
    Madrid, Los Rozas
    Spain

AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                     ) ss.:
COUNTY OF NEW YORK   )

Marian Kelly, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Maywood, New Jersey. That on the 27th day of July, 2007 deponent served the within ANSWER upon:

KENNEDY LILLIS, SCHMIDT & ENGLISH
75 Maiden Lane - Suite 402
New York, New York   10038-1818

UTi UNITED STATES, INC.
100 Oceangate
Long Beach, Los Angeles
California   90802

SERVICIOS LOGISTICS INTEGRADOS, S.A.
C/ Severo Ochoa 3
Madrid, Las Rozas
Spain   28270
**AIR MAIL**

at the addresses designated by said attorneys by depositing the same enclosed in a postpaid properly addressed wrapper directed to each of said attorneys at the above addresses in an official depository under the exclusive care and custody of the US Postal Service within the State of New York.

_____
Marian Kelly

Sworn to before me this
27th day of July, 2007

_____
Notary Public

IRENE SIEGEL
Notary Public State of New York
No. 41-4872330
Qualified in Queens County
Commission Expires October 14, 2010