HYMAN SPECTOR & MARS, LLP
Attorneys for Defendant, UTi United States, Inc.
150 W. Flagler Street, Ste. 2701
Miami, Florida 33130
Tel: (305) 371-4244
Fax: (305) 371-5930
Attorney: Andrew R. Spector

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

AMERICAN HOME ASSURANCE COMPANY,

       Plaintiff,                              CASE NO.: 07 Civ. 6219 (DC)

vs.

DELTA AIR LINES, INC., UTi UNITED
STATES, INC., & SERVICIOS LOGISTICS
INTEGRADOS,

       Defendants,
_____/

<u>ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM</u>

      COMES NOW, UTi UNITED STATES, INC., (hereinafter referred to "UTi") by and through its undersigned counsel and files this its Answer and Affirmative Defenses and Cross-claims as follows:

      1.     Denies knowledge or information sufficient to form a belief .

      2.     Denies knowledge or information sufficient to form a belief .

      3.     Denies knowledge or information sufficient to form a belief .

4. UTi denies that it acted as a cargo handler for air carrier as including but not limited to Delta; all other allegation set forth in paragraph 4 are admitted.

5. UTi denies knowledge or information sufficient to form a belief.

5. Defendant denies each and every allegation in paragraph 5 as they pertain to UTi. UTi denies knowledge or information sufficient to form a belief as to the remaining allegations[1].

6. Denied denies each and every allegation in paragraph 6 as they pertain to UTi. UTi denies knowledge or information sufficient to form a belief as to the remaining allegations.

7. Denies knowledge or information sufficient to form a belief .

7. Denies knowledge or information sufficient to form a belief .

8. Denies knowledge or information sufficient to form a belief .

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant, UTi, would show that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

---

[1] Initial complaint has two "fifth" allegations consecutively.

### Second Affirmative Defense

Defendant, UTi, states that Plaintiff is not a true party in interest and lacks the requisite standing and/or privity of contract to enforce any claims, and is not entitled to maintain this action.

### Third Affirmative Defense

Defendant, UTi, claims the benefit of all exculpatory clauses or other similar provisions limiting its liability, as contained within the express terms and conditions of documents issued with regard to the subject shipment including those issued by its agents, or any other parties or any independent contractors involved with the instant shipment.

### Fourth Affirmative Defense

The Terms and Conditions of Service upon which UTi, operates expressly limits its liability to $50.00 per shipment and/or limiting liability absolves it from this claim, and/or to $9.07 per pound. Defendant further states that pursuant to the terms and conditions found on the reverse side of the subject air waybill and/or invoices, and/or signed powers of attorneys or credit agreement, that there are certain notices of claim requirements which have not been complied with by the Plaintiff.

Defendant, UTi, provided services according to and in reliance upon said Terms and Conditions with the knowledge, consent and acceptance of shipper and consignee in each instance.

Having performed said services to its full contractual obligation while relying upon said terms and conditions of service, Defendant is not liable with respect to any allegation of Plaintiff's Amended Complaint as alleged.

### Fifth Affirmative Defense

Defendant, UTi, would show as a defense to Plaintiff's allegation of their Complaint that any damages were due (although such allegation is not admitted) to the act or omission of the shipper or owner of the goods and/or the inherent defect or vice of the goods and/or insufficiency or packing of the shipper or manufacturer and not the neglect or fault of Defendant, UTi.

### Sixth Affirmative Defense

Defendant, UTi, would state that any loss or damage to the goods or other economic losses resulted from the acts or omissions of the carriers and/or warehousemen of the goods while said carriers and/or warehousemen were acting as agents for the shipper or consignee, for which acts or omissions Defendant, UTi, has no liability.

### Seventh Affirmative Defense

Defendant, UTi, would state that Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### Eighth Affirmative Defense

Defendant, UTi, states that Plaintiff has failed to join necessary and indispensable parties to this matter.

### Ninth Affirmative Defense

Defendant, UTi, states that the damage sustained by Plaintiff, if any, resulted wholly and solely from the fault, neglect and want of care of Plaintiff or persons or parties other than Defendant, UTi, for whose acts said Defendant is not liable or responsible and is not the result of any negligence, breach of contract, fault or want of care on the part of Defendant, UTi, who faithfully discharged all of its duties.

### Tenth Affirmative Defense

The transportation out of which the subject matter of this action arose was "international transportation" within the meaning of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 ("Warsaw Convention"), and the rights of the parties are subject to the provisions of the Warsaw Convention, 49 Stat. 3000, T.S. No. 876,137, L.N.T.S. 11 (1934), <u>reprinted in</u> note following 49 U.S.C.A. § 40105 (1997), as amended by the Montreal Protocol No. 4 to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air, signed at Warsaw on October 12, 1929, <u>reprinted in</u> S. Exec. Rep., NO. 105-20 pp. 21-32 (1998), as amended by the Protocol done at the Hague of September 8, 1955 (hereinafter jointly referred to as the "Warsaw Convention") and, as such, UTi claims the benefits of all exculpatory and liability limiting language as set forth therein.

### Eleventh Affirmative Defense

Plaintiffs have failed to mitigate their alleged damages.

### Twelfth Affirmative Defense

Defendant states that the damage sustained by Plaintiff, if any, resulted wholly and solely from the fault, neglect and want of care of Plaintiff or persons or parties other

than Defendant, UTi, for whose acts said that Defendant is not liable or responsible and is not the result of any negligence, breach of contract, fault or want of care on the part of Defendant, UTi, who faithfully discharged all of its duties.

### Thirteenth Affirmative Defense

Defendant, UTi, would show as a defense that Plaintiffs failed to provide, UTi, with the proper and timely written notice of the claim for the damages alleged and/or Plaintiff's Complaint was not timely filed; therefore, the Plaintiff's Complaint should be dismissed with the costs as Plaintiff's claim is barred by statutory limitations.

### Fourteenth Affirmative Defense

Defendant asserts all defense under its contact with Bristol Myers Squibb including but not limited to limitations of liability, notice of claimed, force majure.

### Fifteenth Affirmative Defense

Defendant asserts all defenses under the 1999 Montreal Convention.

### UTi UNITED STATES, INC. CROSS COMPLAINT AGAINST DELTA AIR LINES, INC.

COMES NOW, Defendant/Cross-Plaintiff, UTi UNITED STATES, INC., (hereinafter called "UTi") by and through undersigned counsel and files this its Cross-Complaint against Cross-Defendant, DELTA AIRLINES, INC., (hereinafter "DELTA") and as basis states as follows:

1. This Court has jurisdiction over this cause of action supplemental to the case filed in chief AMERICAN HOME ASSURANCE COMPANY v. UTi UNITED STATES, INC., et al., case number 07 Civ. 6219 (DC).

2. Cross-Plaintiff, UTi, is authorized to do business in the State of New York.

3. Cross-Defendant, DELTA, is a foreign corporation authorized to do business in the State of New York.

4. Upon information and belief, all conditions precedent to the within cause of action have occurred.

5. It is alleged by Plaintiff that UTi contracted to carry the cargo that is alleged by Plaintiff, AMERICAN HOME ASSURANCE COMPANY (hereinafter "AMERICAN"), in the above referenced action.

6. DELTA breached the contract of carriage by failing to properly deliver the shipment while at all times acting as the air carrier for the subject movement.

7. AMERICAN has brought suit against UTi in regard to an alleged damage and loss to the cargo which is denied by UTi.

8. In the event that UTi is found liable to AMERICAN, UTi will show that such damage resulted from the breach of contract by DELTA with regard to the cargo that is the subject of this instant matter.

9. Alternatively, if aforesaid cargo was damaged as alleged in Plaintiff's Complaint (which has been specifically denied by UTi), then DELTA is liable directly to AMERICAN and/or its subrogee.

10. UTi has incurred and will incur attorneys fees in this matter.

WHEREFORE, Cross-Plaintiff, UTi, demands judgment dismissing Plaintiff's Complaint as to it together with cost disbursements in this action, or in the alternative, demands judgment over and against Cross-Defendant, DELTA, for all or part of any verdict or judgment entered herein against Defendant, Cross-Plaintiff, UTi, in favor of Plaintiff and for indemnification by said Cross-Defendant for their respective share. Thereafter, together with cost, disbursements or other assessments which might arise or grow out of this action together with reasonable attorneys fees and such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically this __14th__ day of September, 2007. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system: Craig S. English, Esq.  Francis A. Montbach, Esq.

**HYMAN SPECTOR & MARS, LLP**
Attorneys for Defendant
Museum Tower, Suite 2701
150 West Flagler Street
Miami, Florida  33130
Telephone: (305) 371-4244

By:____/s Andrew R. Spector_____
Andrew R. Spector, Esq. **/** AS3887

AMERICA HOME ASSURANCE COMPANY
v. UTI UNITED STATES, INC.
Case No: 07 Civ. 6219 (DC)
Page 9 of 9

DATED:   September 14, 2007 in Miami, Florida.

        UTi UNITED STATES, INC.
        By its Attorneys,

        HYMAN SPECTOR & MARS, LLP
        Museum Tower, 27th Floor
        150 West Flagler Street
        Miami, Florida   33130
        Telephone No.: (305) 371-4244

           /S/
    By: _____
        Andrew R. Spector (ARS-3887)

        -and-

        KAPLAN, VON OHLEN & MASSAMILLO, LLC.
        555 Fifth Avenue, 15th Floor
        New York, New York   10017
        Telephone No.: (212) 922-0450

           /S/
    By: _____
        Nicholas E. Pantelopoulos (NEP-4649)