MOUND COTTON WOLLAN & GREENGRASS
Francis A. Montbach (FAM9631)
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 804-4200
Fax: (212) 344-8066
Attorneys for Defendant,
Delta Air Lines, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

AMERICAN HOME ASSURANCE COMPANY,

                Plaintiff,                07 Civ. 6219 (DC)

    - against -

DELTA AIR LINES, INC., UTi UNITED
STATES, INC., & SERVICIOS LOGISTICS
INTEGRADOS,

                Defendants.

**ANSWER TO CROSS-COMPLAINT OF UTi UNITED STATES, INC.**

-------------------------------------------------------------------x

        Defendant, Delta Air Lines, Inc. ("Delta") by its attorneys, Mound Cotton Wollan & Greengrass, as and for its Answer to the Cross-Complaint of co-defendant UTi United States, Inc., herein, alleges:

        FIRST:    Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Cross-Complaint designated "1", "2", "4", "5", "7" and "10".

        SECOND:    Denies each and every allegation contained in those paragraph of the Cross-Complaint designated "6", "8" and "9".

THIRD:   Denies each and every allegation contained in that paragraph of the Cross-Complaint designated "3" except that it admits that it is a Delaware corporation doing business in New York and that it is a duly certified direct air carriage engaged in the transportation of persons and property in interstate and international commerce pursuant to authority granted by the Department of Transportation of the United States.

## AS AND FOR A FIRST COMPLETE AFFIRMATIVE DEFENSE

FOURTH:   Any damages allegedly suffered by the plaintiff and cross-complainant herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

## AS AND FOR A SECOND COMPLETE AFFIRMATIVE DEFENSE

FIFTH:   The contract of carriage embarked upon by the plaintiff and cross-complainant herein was an international transportation and as such was governed, controlled and made subject to the terms and provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention.

SIXTH:   That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to the plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

SEVENTH:   Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

AS AND FOR A THIRD COMPLETE
AFFIRMATIVE DEFENSE

EIGHTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to the plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the plaintiff, its agents, servants and/or employees.

NINTH: Upon information and belief, any loss, damage or delay was caused by or contributed to by the plaintiff, its agents, servants and/or employees.

AS AND FOR A FOURTH COMPLETE
AFFIRMATIVE DEFENSE

TENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to the plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless a written notice of claim concerning such loss, damage or delay is filed with this defendant within the applicable time limit.

ELEVENTH: Upon information and belief, the proper written notice of claim concerning such loss, damage or delay was not filed with this defendant within the applicable time limit.

AS AND FOR A FIFTH COMPLETE
AFFIRMATIVE DEFENSE

TWELFTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to the plaintiff or to any other person under the contract of carriage for any loss, damage or delay in

that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

### AS AND FOR A SIXTH COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to the plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

FOURTEENTH: Upon information and belief, the damages allegedly suffered by the plaintiff herein are of a consequential and/or special nature.

### AS AND FOR A SEVENTH COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to the plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

SIXTEENTH: Upon information and belief, any loss, damage or delay allegedly suffered by the plaintiff herein was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

AS AND FOR AN EIGHTH COMPLETE
AFFIRMATIVE DEFENSE

SEVENTEENTH:   Plaintiff and its subrogor(s) has (have) failed and refused to mitigate their damages, if any.

AS AND FOR A NINTH PARTIAL
AFFIRMATIVE DEFENSE

EIGHTEENTH:   That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, the liability, if any, of this defendant for any loss, damage or delay is limited.

WHEREFORE, defendant, Delta Air Lines, Inc., demands judgment against co-defendant UTi United States, Inc. dismissing the Cross-Complaint together with costs and disbursements.

Dated: New York, New York
       September 17, 2007

> MOUND, COTTON & WOLLAN & GREENGRASS
> Attorneys for Defendant,
> Delta Air Lines, Inc.
>
> By _____
>    Francis A. Montbach (FAM9631)
>    Office and P. O. Address
>    One Battery Park Plaza
>    New York, New York  10004
>    (212) 804-4200

TO:   KAPLAN, VON OHLEN & MASSAMILLO, LLC
      Attorneys for UTi UNITED STATES, INC.
      555 Fifth Avenue
      15th Floor
      New York, NY  10017

- 6 -

KENNEDY, LILLIS, SCHMIDT & ENGLISH
Attorneys for Plaintiff
American Home Assurance Company
75 Maiden Lane
Suite 402
New York, New York  10038-4816

AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Marian Kelly, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Maywood, New Jersey. That on the 17th day of September, 2007 deponent served the within ANSWER TO CROSS-COMPLAINT OF UTi UNITED STATES, INC. upon:

KAPLAN, VON OHLEN & MASSAMILLO, LLC
555 Fifth Avenue
15th Floor
New York, NY   10017

KENNEDY LILLIS, SCHMIDT & ENGLISH
75 Maiden Lane - Suite 402
New York, New York   10038-1818

at the addresses designated by said attorneys by depositing the same enclosed in a postpaid properly addressed wrapper directed to each of said attorneys at the above addresses in an official depository under the exclusive care and custody of the US Postal Service within the State of New York.

_____
Marian Kelly

Sworn to before me this
17th day of September, 2007

_____
Notary Public

IRENE SIEGEL
Notary Public State of New York
No. 41-4872330
Qualified in Queens County
Commission Expires October 14, 2010