UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AMERICAN HOME ASSURANCE CO.

Plaintiff,

-against-                    **07 CIV. 6219 (DC)**

DELTA AIR LINES, INC., UTi UNITED STATES
INC. & SERVICIOS LOGISTICS INTERGRADOS

Defendants.
----------------------------------------------------------------X       **THIRD-PARTY COMPLAINT**
DELTA AIR LINES, INC.

Third-Party Plaintiff,

-against-

SWISSPORT USA, INC.

Third-Party Defendant.
----------------------------------------------------------------X

Defendant/third-party plaintiff, DELTA AIR LINES, INC. ("DELTA"), by its attorneys,

MOUND, COTTON, WOLLAN & GREENGRASS, as and for its third-party complaint herein,

alleges:

**NATURE OF THE ACTION**

1.     This is a third-party action by which defendant/third-party plaintiff DELTA seeks

to compel third-party defendant SWISSPORT USA, INC. ("SWISSPORT") to defend, hold

harmless and indemnify DELTA with respect to any and all claims or damages currently asserted

against DELTA.

FILED
JAN 0 3 2007
S. D. OF N.Y.

FILED
JAN 0 2007
S. D. OF N.Y.

213000.1

## THE PARTIES

2.      That at all times complained of herein, defendant/third-party plaintiff, DELTA, was and still is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Georgia, with an office located at 1030 Delta Boulevard, Atlanta, Georgia.

3.      That at all times complained of herein, third-party defendant, SWISSPORT, was and still is a foreign corporation, duly organized and existing under and by virtue of the laws of Virginia, with an office located at 45025 Aviation Drive, Dulles, Virginia.

4.      That on or about July 5, 2007, plaintiff AMERICAN HOME ASSURANCE COMPANY ("AHA"), as subrogee of BRISTOL MEYERS SQUIBB, filed suit against defendant/third-party plaintiff DELTA, alleging total estimated damages to be $591,023.73, for damage to a shipment of pharmaceuticals, specifically a drug called Megace.

5.      That a true, accurate and complete copy of plaintiff's complaint is annexed hereto and made a part hereof, as Exhibit "A."

6.      That on July 27, 2007, issue was joined on behalf of defendant/third-party plaintiff, DELTA, by the service of an answer.

7.      That a true, accurate and complete copy of the answer of defendant/third-party plaintiff, DELTA, is annexed hereto and made a part hereof, as Exhibit "B."

## FACTS COMMON TO ALL COUNTS

8.      On or about September 23, 2006, a shipment of pharmaceuticals was transported from John F. Kennedy International Airport ("JFK") to Barcelona, Spain by defendant/third-party plaintiff DELTA on behalf of plaintiff's subrogor, Bristol Meyers Squibb.

213000.1

9.    It is alleged that upon arrival in Barcelona, the cargo was in a damaged condition, such that all of the cargo had to be discarded, resulting in a $591,023.73 loss.

10.    At all times relevant to this action, SWISSPORT was the designated entity responsible for handling cargo on behalf of DELTA at JFK.

## AS AND FOR A FIRST CAUSE OF ACTION

11.    On August 1, 2000, SWISSPORT entered into an agreement with DELTA titled "Master Agreement for Airport Services" ("Agreement").

12.    Pursuant to Paragraph 11.1 of the Agreement, SWISSPORT has agreed to release, indemnify, defend and hold DELTA harmless for any claims related to this action:

> To the fullest extent permitted by law, Contractor shall release, indemnify, defend and hold harmless Delta and the Airport Operator, and their respective directors, officers, employees and agents…from and against any and all claims, damages, losses, fines, penalties, liabilities, judgments, costs and expenses of any kind or nature whatsoever…which in any way arise out of or result from any act(s) or omission(s) by Contractor (or anyone directly or indirectly employed by Contractor or anyone for whose acts Contractor may be liable) in the performance or nonperformance of Services or other obligations under this Agreement or in the use or occupancy of any facilities or equipment provided by Delta including…damage to or destruction of any property, real or personal….

13.    By reason of the foregoing, SWISSPORT is obligated to hold harmless and defend DELTA against any and all claims put forth in this action. Alternatively, if, and in the event, plaintiff, AHA, recovers any sum or judgment against defendant/third-party plaintiff, DELTA, then defendant/third-party plaintiff is entitled to contractual indemnification from third-party defendant SWISSPORT for the full amount of any such sum or judgment.

213000.1

## AS AND FOR A SECOND CAUSE OF ACTION

14.     At all times relevant to this action, SWISSPORT was the entity designated to handle cargo on behalf of DELTA at JFK, the location at which the alleged damage occurred.

15.     Any damage to cargo transported by DELTA from JFK to Barcelona happened while the cargo was in the possession and control of SWISSPORT. Pursuant to the Agreement, Exhibit A, Section 2 "Cargo Handling Specifications," Subsection III(A)(8), SWISSPORT is specifically responsible for palletizing/depalletizing cargo. It is apparent from the evidence submitted in this action that any alleged damage to the cargo would have taken place while the cargo was being palletized/depalletized in preparation for transport.

15.     If, and in the event, plaintiff, AHA, sustained damages as alleged in the complaint, said damages were caused, in whole or in part, by the intentional conduct, carelessness, negligence, acts, omissions, breach of contract and/or breach of bailment of third-party defendant SWISSPORT, and not by any carelessness, negligence, acts or omissions by defendant/third-party plaintiff, DELTA.

16.     By reason of the foregoing, if, and in the event, plaintiff, AHA, recover any sum or judgment against defendant/third-party plaintiff DELTA, then defendant/third-party plaintiff is entitled to indemnification from third-party defendant, SWISSPORT, for the full amount of any such sum or judgment.

**WHEREFORE**, defendant/third-party plaintiff DELTA requests that third-party defendant SWISSPORT hold harmless and defend DELTA against any and all claims asserted in this action. Additionally, defendant/third-party plaintiff DELTA demands judgment for indemnification against SWISSPORT for all or part of any verdict or judgment obtained by

plaintiff, AMERICAN HOME ASSURANCE CO., together with costs, disbursements, interest

and attorneys' fees.

**Dated**:       New York, New York
                December 19, 2007

                                   MOUND COTTON WOLLAN & GREENGRASS

                                   By:
                                   Francis A. Montbach, Esq.
                                   Attorneys for Defendant,
                                   DELTA AIR LINES, INC.
                                   One Battery Park Plaza,
                                   New York, New York 10004-1486
                                   (212) 804-4200

TO:    KENNEDY, LILLIS, SCHMIDT & ENGLISH
         Attorneys for Plaintiff
         American Home Assurance Company
         75 Maiden Lane
         Suite 402
         New York, New York  10038-4816

         Andrew R. Spector, Esq.
         Hyman Spector & Mars, LLP
         Attorneys for Defendant
         UTi UNITED STATES, INC.
         Museum Tower, 27th Floor
         150 West Flager Street
         Miami, Florida

         SERVICIOS LOGISTICS INTEGRADOS, S.A.
         C/ Severo Ochoa 3
         Madrid, Los Rozas
         Spain

213000.1

07 CV 6219

JUDGE CHIN

JUL 0 5 2007

U.S. ...... D N.Y.
CASHIERS

5194COMPLAINT/5194KLSESERVER

KENNEDY LILLIS SCHMIDT & ENGLISH
Craig S. English (CE9890)
75 Maiden Lane – Suite 402
New York, N.Y. 10038-4816
Telephone:  212-430-0800
Telecopier:  212-430-0810
Attorneys for Plaintiff


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                        )
AMERICAN HOME ASSURANCE COMPANY,        )
                                        )        07 Civ.        (    )
                   Plaintiff,           )
                                        )            COMPLAINT
           – v. –                       )
                                        )            ECF CASE
DELTA AIR LINES, INC., UTi UNITED       )
STATES, INC., & SERVICIOS LOGISTICS     )
INTERGRADOS,                            )
                                        )
                   Defendants.          )
_____)


        Plaintiff, American Home Assurance Company ("AHAC"), by

its attorneys, Kennedy Lillis Schmidt & English, complaining of

the defendants, alleges on information and belief as follows:


        FIRST:    Plaintiff's claim herein for loss and damage

to cargo arises under a treaty of the United States, to wit, *The*


                                    1

*Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on 28 May 1999, and this* Court has jurisdiction pursuant to 28 U.S.C. 1331.

SECOND:  At all times mentioned herein, plaintiff AHAC was and still is a corporation organized and existing under and by virtue of the laws of the State of New York with an office and place of business c/o AI Marine Adjusters, Inc., 175 Water Street, 15th floor, New York, New York 10038.

THIRD:  At all times hereinafter mentioned, defendant Delta Air Lines, Inc. (hereinafter "Delta"), was and now is a corporation organized and existing under and by virtue of the laws of one of the states of the United States with an office and place of business at Delta Air Lines Inc., Air Cargo Services, JFK International Airport, Jamaica, New York 11430 and was and now is engaged in business as a common carrier of merchandise by air for hire.

FOURTH:  At all times hereinafter mentioned, defendant UTi, UNITED STATES INC. (hereinafter "UTi"), was and now is a corporation organized and existing under and by virtue of the laws one of the states of the United States with an office and place of business at 48 South Service Road, Suite 220, Melville, New York 11747, and is engaged in the business, inter alia, as a cargo handler for air carriers such as Delta.

2

FIFTH: At all times hereinafter mentioned, defendant Servicios Logistics Intergrados (hereinafter "SLI"), was and now is a corporation organized and existing under and by virtue of the laws of a foreign country with an office and place of business at Edificio de Serv. Generales A116, Aeropuerto de Barcelona 08820 El Prat de Llobregat, Barcelona, Spain, and is engaged in the business, _inter alia_, as a cargo handler for air carriers such as Delta.

FIFTH: On or about September 21, 2006, there were shipped by or on behalf of Bristol-Myers Squibb Co., then in actual good order and condition, a cargo consisting of non hazardous pharmaceutical products, namely Megace, (hereinafter, "the goods") consigned to Bristol-Myers Squibb SL for which the defendant acknowledged receipt under Master Air Waybill 006 4471 9846 and for which defendant acknowledged receipt under House Air Waybill JFK 71673838 and the said defendants agreed to carry the said goods from JFK International Airport, Jamaica, New York to Barcelona, Spain, and then and there deliver them in the same actual good order and condition as when delivered to the said defendant.

SIXTH: Thereafter the defendant Delta delivered the shipments to SLI, who in turn delivered the goods to plaintiff's assured or its representatives; however, they were not in the same good order and condition as when shipped but rather in bad

3

order with physical damage, all in violation of the said defen-
dants' duties as a common carriers of merchandise by air for hire
and/or as cargo handlers.

SEVENTH:  The plaintiff is the subrogated cargo under-
writer of the shipper, consignee or owner of the shipments here-
inafter described and brings this action on its own behalf and as
agent or trustee on behalf of and for the interest of all parties
who may be or become interested in the said shipment, as their
respective interests may ultimately appear, and the plaintiff is
entitled to maintain this action.

EIGHTH:   By virtue of the premises, plaintiff has sus-
tained damage in the sum of $591,023.73, as nearly as same can
now be determined, no part of which has been paid although duly
demanded.

NINTH:    Plaintiff demands a trial by jury.

WHEREFORE, plaintiff demands judgment against the de-
fendants, Delta, UTi, and SLI severally up to the sum of
$591,023.73 with interest from September 21, 2006, together with
costs and disbursements of this action.

4

Dated:   New York, New York
         July 3, 2007

                              KENNEDY LILLIS SCHMIDT & ENGLISH
                              Attorneys for Plaintiff

                     By:

                              _____
                              Craig S. English (CE9890)
                              75 Maiden Lane - Suite 402
                              New York, New York  10038-4816
                              (212) 430-0800

MOUND COTTON WOLLAN & GREENGRASS
Francis A. Montbach (FAM9631)
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 804-4200
Fax: (212) 344-8066
Attorneys for Defendant,
Delta Air Lines, Inc.


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

AMERICAN HOME ASSURANCE COMPANY,

                    Plaintiff,                        07 Civ. 6219 (DC)

     - against -

                                                     **ANSWER**

DELTA AIR LINES, INC., UTi UNITED
STATES, INC., & SERVICIOS LOGISTICS
INTEGRADOS,

                    Defendants.

-------------------------------------------------------------------x


       Defendant, Delta Air Lines, Inc. ("Delta") by its attorneys, Mound Cotton Wollan & Greengrass, as and for its Answer to the Complaint herein, alleges:

       1.     Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "SECOND", "SEVENTH" and "EIGHTH".

       2.     Denies each and every allegation contained in that paragraph of the Complaint designated "THIRD" except that it admits that it is a Delaware corporation doing business in New York and that it is a duly certified direct air carrier engaged in the transportation

of persons and property in interstate and international commerce pursuant to authority granted by the Department of Transportation of the United States.

3.      Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Complaint designated "FOURTH", except that this defendant specifically denies that co-defendant UTi, United States, Inc., is or was a cargo handler for Delta Air Lines, Inc.

4.      Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Complaint designated "FIFTH" (the first paragraph so designated), except that this defendant specifically denies that co-defendant Servicios Logistics Integrados was or is a cargo handler for Delta Air Lines, Inc.

5.      Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Complaint designated "FIFTH" (the second paragraph so designated) except that it admits that it received twelve pieces of freight described as "consolidated cargo", the contents and condition of which were unknown to this defendant, for carriage between New York, New York and Barcelona, Spain, pursuant to Delta air waybill number 006-4471-9846.

6.      Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Complaint designated "SIXTH", except that it admits that it delivered the shipment transported pursuant to Delta air waybill number 006-4471-9846 to co-defendant Servicios Logistics Integrados in Barcelona , Spain.

AS AND FOR A FIRST COMPLETE
AFFIRMATIVE DEFENSE

7.    Any damages allegedly suffered by the plaintiff herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

AS AND FOR A SECOND COMPLETE
AFFIRMATIVE DEFENSE

8.    The contract of carriage embarked upon by the plaintiff herein was an international transportation and as such was governed, controlled and made subject to the terms and provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention.

9.    That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

10.    Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

AS AND FOR A THIRD COMPLETE
AFFIRMATIVE DEFENSE

11.    That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where

such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the plaintiff, its agents, servants and/or employees.

12.     Upon information and belief, any loss, damage or delay was caused by or contributed to by the plaintiff, its agents, servants and/or employees.

AS AND FOR A FOURTH COMPLETE
AFFIRMATIVE DEFENSE

13.     That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless a written notice of claim concerning such loss, damage or delay is filed with this defendant within the applicable time limit.

14.     Upon information and belief, the proper written notice of claim concerning such loss, damage or delay was not filed with this defendant within the applicable time limit.

AS AND FOR A FIFTH COMPLETE
AFFIRMATIVE DEFENSE

15.     That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay in that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

AS AND FOR A SIXTH COMPLETE
AFFIRMATIVE DEFENSE

16.    That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

17.    Upon information and belief, the damages allegedly suffered by the plaintiff herein are of a consequential and/or special nature.

AS AND FOR A SEVENTH COMPLETE
AFFIRMATIVE DEFENSE

18.    That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

19.    Upon information and belief, any loss, damage or delay allegedly suffered by the plaintiff herein was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

AS AND FOR AN EIGHTH COMPLETE
AFFIRMATIVE DEFENSE

20.    Plaintiff and its subrogor(s) has (have) failed and refused to mitigate their damages, if any.

## AS AND FOR A NINTH PARTIAL
## AFFIRMATIVE DEFENSE

21.    That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, the liability, if any, of this defendant for any loss, damage or delay is limited.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST THE CO-DEFENDANTS

22.    That if the defendant, Delta Air Lines, Inc., is held liable to the plaintiff herein for any loss, damage or delay, such liability on the part of Delta Air Lines, Inc., shall have been caused by or brought about by the acts and/or omissions of UTi United States, Inc., and Servicios Logistics Integrados , and, in that event, Delta Air Lines, Inc. shall be entitled to be indemnified and held harmless by UTi United States, Inc. and Servicos Logistics Integrados for all amounts including attorneys' fees.

## AS AND FOR A SECOND CROSS-CLAIM
## AGAINST THE CO-DEFENDANT

23.    That if the defendant, Delta Air Lines, Inc., is held liable to the plaintiff herein then, in that event, Delta Air Lines, Inc., is entitled to  contribution from UTi United States, Inc., and Servicios Logistics Integrados, in an amount corresponding to the proportion of fault on the part of UTi United States, Inc. and Servicios Logistics Integrados towards the payment of any judgment which may be entered in favor of the plaintiff herein.

WHEREFORE, defendant, Delta Air Lines, Inc., demands judgment against the plaintiff dismissing this action; or in the alternative, for judgment over against the co-defendants

UTi United States, Inc., & Servicios Logistics Integrados; or, in the alternative, for a judgment

with contribution as between the defendants, together with costs and disbursements.


Dated:  New York, New York
        July 27, 2007

                              MOUND, COTTON & WOLLAN & GREENGRASS
                              Attorneys for Defendant,
                              Delta Air Lines, Inc.


                        By _____
                                Francis A. Montbach (FAM9631)
                                Office and P. O. Address
                                One Battery Park Plaza
                                New York, New York   10004
                                (212) 804-4200



TO:     KENNEDY, LILLIS, SCHMIDT & ENGLISH
        Attorneys for Plaintiff
        American Home Assurance Company
        75 Maiden Lane
        Suite 402
        New York, New York  10038-4816

        UTi UNITED STATES, INC.
        100 Oceangate
        Long Beach, Los Angeles
        California   90802

        SERVICIOS LOGISTICS INTEGRADOS, S.A.
        C/ Severo Ochoa 3
        Madrid, Los Rozas
        Spain



                              - 7 -

AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                           )    ss.:
COUNTY OF NEW YORK  )

Marian Kelly, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Maywood, New Jersey.  That on the 27th day of July, 2007 deponent served the within ANSWER upon:

KENNEDY LILLIS, SCHMIDT & ENGLISH
75 Maiden Lane - Suite 402
New York, New York   10038-1818

UTi UNITED STATES, INC.
100 Oceangate
Long Beach, Los Angeles
California   90802

SERVICIOS LOGISTICS INTEGRADOS, S.A.
C/ Severo Ochoa 3
Madrid, Las Rozas
Spain  28270
**AIR MAIL**

at the addresses designated by said attorneys by depositing the same enclosed in a postpaid properly addressed wrapper directed to each of said attorneys at the above addresses in an official depository under the exclusive care and custody of the US Postal Service within the State of New York.

_Marian Kelly_
Marian Kelly

Sworn to before me this
27th day of July, 2007

_____
Notary Public

IRENE SIEGEL
Notary Public State of New York
No. 41-4872330
Qualified in Queens County
Commission Expires October 14, 2010

AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                          )   ss.:
COUNTY OF NEW YORK  )

Marian Kelly, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Maywood, New Jersey. That on the 19th day of December, 2007 deponent served the within Third-Party Summons and Complaint upon:

KENNEDY LILLIS, SCHMIDT & ENGLISH
75 Maiden Lane - Suite 402
New York, New York   10038-1818

ANDREW P. SPECTOR, ESQ.
HYMAN SPECTOR & MARS, LLP
Museum Tower, 27th Floor
150 West Flagler Street
Miami, Florida   33130

Serevicios Logistic Intergrados, S.A.
c/o Severo Ocho 3
Madrid, Los Rosas, Spain
**AIR MAIL**

at the addresses designated by said attorneys by depositing the same enclosed in a postpaid properly addressed wrapper directed to each of said attorneys at the above addresses in an official depository under the exclusive care and custody of the US Postal Service within the State of New York.

_____
Marian Kelly

Sworn to before me this
19th day of December 2007

_____
Notary Public

IRENE SIEGEL
Notary Public State of New York
No. 41-4872330
Qualified in Queens County
Commission Expires October 14, 2010

# United States District Court
## Southern District of New York
### Office of the Clerk
### U.S. Courthouse
### 500 Pearl Street, New York, NY 10007-1213

To:      Chambers

From:    Clerk's Office

07 CV 6219 ( DC )

    The attached document has been accepted for filing under **Rule 5(e) effective December 1, 1991.** Regrettably, as you know, the clerk is no longer authorized to reject papers based on form only. In order for the papers to be rejected, action must be taken by the judge. This document is deficient as to form for the following reason(s):

☐    For an original signature of the attorney of record in his/her own name, followed by his/her address and telephone number, at the end of each document. [Local Civil Rule 11.1(b)].

☐    All papers must bear the docket number and the initials of the judge and any magistrate judge before whom the action or proceeding is pending and have the name of each person signing it clearly printed or typed directly below the signature [Local Civil Rule 11.1(a)].

☐    All original paper must contain the initials of the attorney's first and last name, and the last four digits of the attorney's social security number, or any other four digit number registered by the attorney with the clerk of the court [Local Civil Rule 11.1(b)(1)&(2)].

☐    All pleadings, written motions, and other papers must be plainly written, typed, printed or copied without erasures or inter-lineation which may materially deface it [Local Civil Rule 11.1(a)(1)].

☐    For an attorney's affirmation or affidavit, as required  [Local Civil Rule 6.1(a)(1)].

☐    Expired Certificate of Good Standings (30 days) [Local Civil Rule 1.3(7)].

☐    Federal Civil Rule 7.1 disclosure statement and copy needed.

☐    Proof of service required [Federal Civil Rule 5(a)].

☒    Other _Leave to file_____

Accept for filing:                          J. Michael McMahon, Clerk

_____ 1/9/08

U.S.D.J.        DATE                    Deputy Clerk

Return for compliance of local rule:

_____   _____

U.S.D.J.              DATE              JAN 0 2 2007
                                           DATE