UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, | INDEX: 07 Civ. 6219(DC) |
| Plaintiff, | **SWISSPORT'S ANSWER TO AMENDED COMPLAINT** |
| - against - | |
| DELTA AIRLINES, INC., UTi UNITED STATES, INC., SERVICIOS LOGISTICS INTEGRADOS, & SWISSPORT USA, INC. | |
| Defendants | |

Defendant SWISSPORT USA, INC. (hereinafter referred to as "SWISSPORT"), by its attorneys, MENDES & MOUNT, L.L.P., upon information and belief alleges as follows:

1. Swissport admits the allegations contained in paragraph 1 of Plaintiff's Amended Complaint;

2. Swissport denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Amended Complaint;

3. Swissport denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Amended Complaint;

4. Swissport denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Amended Complaint;

5. Swissport denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Amended Complaint;

6. Swissport denies the allegations contained in paragraph 6, except that it admits that Swissport USA, Inc. is a corporation duly organized and existing under and by virtue of the laws of Delaware, with an office located at 45025 Aviation Drives, Suite 350, Dulles, VA, and another office and place of business at Building 151, Suite 300, JFK International Airport, New York. Swissport also admits that it is engaged in the business, *inter alia,* as a commercial aviation services provider for air carriers such as Delta.

7. Swissport denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Amended Complaint;

8. Swissport specifically denies that it violated any duties. Swissport denies knowledge and information sufficient to form a belief as to the truth of all other allegations contained in paragraph 8 of Plaintiff's Amended Complaint, except that Swissport admits that in September 2006 it handled the goods at issue at JFK Inetrnational Airport in New York pursuant to a Master Agreement for Airport Services by and between Swissport and Delta Air Lines, Inc. dated August 1, 2000;

9. Swissport denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Amended Complaint;

10. Swissport denies each and every allegation contained in paragraph 10.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff were caused or contributed to by

Plaintiff's own negligence or culpable conduct and Swissport is, therefore, not liable to plaintiff and/or any other party to this lawsuit.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery from Swissport because it failed to give timely notification of a claim or a complaint in writing.

### FOURTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom Swissport had no control at any time relevant hereto, and in the event Swissport is found liable, which liability is expressly denied, Swissport will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### FIFTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff were not proximately caused by any negligence or culpable conduct on the part of Swissport.

### SIXTH AFFIRMATIVE DEFENSE

That the plaintiff could, with due diligence, have obtained personal jurisdiction over tortfeasors not a party to this lawsuit and thus the culpability of these missing or absent tortfeasors may be computed into the apportionment of total culpability causing the subject occurrence.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed, refused or neglected to take reasonable steps to mitigate its damages, if any, thus barring or diminishing his recover herein.

**EIGHTH AFFIRMATIVE DEFENSE**

That, if and in the event plaintiff was damaged as alleged in the Amended Complaint, plaintiff's recovery is subject to the conditions of contract of the applicable Airway Bill and the provisions of the Convention for the Unification of Certain Rules of International Carriage by Air done at Montreal on May 28, 1999 (Montreal Convention).

**NINTH AFFIRMATIVE DEFENSE**

The claims for relief set forth in the Amended Complaint are barred by the doctrine of assumption of the risk because plaintiff appreciated the risk involved and knowingly encountered that risk.

**TENTH AFFIRMATIVE DEFENSE**

The allegations contained in the Complaint are barred by the application of the Economic Loss Doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**

The plaintiff's injuries, if any, occurred in whole, or in part as a result of the negligence or carelessness of plaintiff, and therefore, plaintiff is barred/and or limited by the doctrine of contributory or comparative negligence.

## TWELFTH AFFIRMATIVE DEFENSE

The negligent acts and/or admissions of individuals and/or entities other than Answering Defendant may constitute an intervening and/or superseding cause of plaintiffs' alleged injuries.

## THIRTEENTH AFFIRMATIVE DEFENSE

Swissport reserves the right to raise additional affirmative defenses based upon the facts developed through discovery.

## AND AS FOR A FIRST CROSS-CLAIMS AGAINST THE CO-DEFENDANTS

Any damages suffered by the plaintiff as alleged in the Verified Complaint were due to the primary negligence, acts and/or omissions of co-defendants DELTA AIRLINES, INC., UTi UNITED STATES, INC. and SERVICIOS LOGISTICS INTEGRADO, their agents, servants and employees, in performing services and otherwise in maintaining the area of the accident, and in failing to exercise care and caution under the circumstances then and there existing. Accordingly, if Swissport is found liable in whole or in part for the damages sustained by Plaintiff, then Swissport is entitled to contribution from DELTA AIRLINES, INC., UTi UNITED STATES, INC. and SERVICIOS LOGISTICS INTEGRADO, for the entire amount of any judgment or for such proportionate share of any judgment as represents the culpable conduct or breach of duty attributable to Swissport as determined by the trier of fact.

WHEREFORE, Swissport demands judgment dismissing Plaintiff's Amended Complaint in its entirety together with costs and disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York

January 25, 2008

Respectfully submitted,

Roberta Miranda, Esq. (RM-5818)
MENDES & MOUNT, LLP
750 Seventh Ave.
New York, NY 10019-6829
212-261-8000
Attorneys for Defendant
SWISSPORT USA, INC.

Craig Shaw English
Kennedy Lillis Schmidt & English
75 Maiden Lane
Suite 402
New York, NY 10038
212-430-0800
Attorneys for Plaintiff

Francis Allen Montbach
Mound Cotton Wollan & Greengrass
(NYC)
One Battery Park Plaza
New York, NY 10004

212-804-4229
Attorneys for Delta Air Lines, Inc.


Nicholas Evan Pantelopoulos
Kaplan, Von Ohlen & Massamillo L.L.C.
555 Fifth Avenue
15th Floor
New York, NY 10017
212-922-0450
Attorneys for UTi United States, Inc.