**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

AMERICAN HOME ASSURANCE COMPANY,    :    INDEX: 07 Civ. 6219(DC)

   :

               Plaintiff,    :    **SWISSPORT'S ANSWER**
                                **TO DELTA'S THIRD-**
                         :    **PARTY COMPLAINT**

- against -    :

   :

DELTA AIRLINES, INC., UTi UNITED STATES,    :
INC., SERVICIOS LOGISTICS INTEGRADOS, &
SWISSPORT USA, INC.

               Defendants

Defendant SWISSPORT USA, INC. (hereinafter referred to as "SWISSPORT"),

by its attorneys, MENDES & MOUNT, L.L.P., upon information and belief alleges as

follows:

1.     Swissport denies knowledge and information sufficient to form a belief as to the
   truth of the allegations contained in paragraph 1;

2.     Swissport denies knowledge and information sufficient to form a belief as to the
   truth of the allegations contained in paragraph 2;

3. Swissport denies the allegations contained in paragraph 3, except that it admits that
   Swissport USA, Inc. is a corporation duly organized and existing under and by
   virtue of the laws of Delaware, with an office located at 45025 Aviation Drives,
   Suite 350, Dulles, VA.

4. Swissport admits the allegations contained in paragraph 4;

5. Swissport admits the allegations contained in paragraph 5;

6.  Swissport admits the allegations contained in paragraph 6;

7.  Swissport admits the allegations contained in paragraph 7;

8.  Swissport denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8;

9.  Swissport denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9;

10. Swissport denies the truth of the allegations contained in paragraph 10, except that Swissport admits that in September 2006 it was responsible for providing Cargo Handling Services at JFK Inetrnational Airport in New York for the benefit of Delta pursuant to a Master Agreement for Airport Services by and between Swissport and Delta Air Lines, Inc. dated August 1, 2000;

11. Swissport admits the allegations contained in paragraph 11;

12. Swissport denies the truth of the allegations contained in paragraph 12, except that it admits that paragraph 11 of the Master Agreement for Airport Services by and between Swissport and Delta Air Lines, Inc. dated August 1, 2000, states as follows:

> To the fullest extent permitted by law, Contractor shall release, indemnity, defend and hold harmless Delta and the Airport Operator, and their respective directors, officers, employees and agents (collectively, the "Indemnified Parties" and individually, an "Indemnified Party") from and against any and all claims, damages, losses, fines, penalties, liabilities, judgments, costs and expenses of any kind or nature whatsoever (including but not limited to interest, court costs and attorney's fees), which in any way arise out of or result from any act(s) or omissions(s) by Contractor (or anyone directly or indirectly employed by Contractor or anyone for whose acts Contractor may be liable) in the performance or nonperformance of Services or other obligations under this Agreement or in the use or occupancy of any facilities or equipment provided by Delta, including but not limited to injury to or death of any person, damage to or destruction of any property, real or personal (including but not limited to property owned, leased or under the control of Delta), and liability or obligations under or with respect to any violation of federal, state and

local laws, regulations, rules, codes and ordinances (including but not limited to those concerning environmental protection). This Section shall apply regardless of whether or not the damage, loss or injury complained of arises our of or relates to the negligence (whether active, passive or otherwise) of, or was caused in party by, an Indemnified Party. However, nothing contained in this Section shall be construed as a release or indemnity by Contractor of an Indemnified Party from or against any loss, liability or claim arising from the sole negligence or willful misconduct of that Indemnified Party.

13.    Swissport denies each and every allegation contained in paragraph 13;

14. Swissport denies the truth of the allegations contained in paragraph 14, except that Swissport admits that in September 2006 it was responsible for providing Cargo Handling Services at JFK International Airport in New York for the benefit of Delta pursuant to a Master Agreement for Airport Services by and between Swissport and Delta Air Lines, Inc. dated August 1, 2000;

15. Swissport denies each and every allegation contained in paragraph 15, except that it admits that, pursuant to Exhibit A, Section 2 of the Master Agreement for Airport Services by and between Swissport and Delta Air Lines, Inc. dated August 1, 2000, Swissport was required to palletize/depalletize cargo.

15. Swissport denies each and every allegation contained in paragraph 15.

16. Swissport denies each and every allegation contained in paragraph 16.

## FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim against this Third-Party defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's and/or Third-Party Plaintiff's damages, if any, were caused by their own sole or contributory negligence and therefore Third-Party defendant is not liable to plaintiff, Third-Party plaintiff and/or any other party to this lawsuit.

## THIRD AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff and/or Third-Party Plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom Swissport had no control at any time relevant hereto, and in the event Swissport is found liable, which liability is expressly denied, Swissport will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

## FOURTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff and/or Third-Party Plaintiff were not proximately caused by any negligence or culpable conduct on the part of Swissport.

## FIFTH AFFIRMATIVE DEFENSE

The negligent acts and/or admissions of individuals and/or entities other than Swissport may constitute an intervening and/or superseding cause of Plaintiff's and/or Third-Party Plaintiff's alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

That the Third-Party Plaintiff could, with due diligence, have obtained personal jurisdiction over tortfeasors not a party to this lawsuit and thus the culpability of these missing or absent tortfeasors may be computed into the apportionment of total culpability causing the subject occurrence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, and thus Third-Party recovery, is subject to the conditions of contract of the applicable Airway Bill and the provisions of the Convention for the Unification of Certain Rules of International Carriage by Air done at Montreal on May 28, 1999 (Montreal Convention).

### EIGHTH AFFIRMATIVE DEFENSE

This Third-Party defendant reserves the right to rely on any and all defenses asserted by Defendant/Third-Party Plaintiff in the underlying action.

### NINTH AFFIRMATIVE DEFENSE

The claims for relief set forth in the Amended Complaint are barred by the doctrine of assumption of the risk because plaintiff appreciated the risk involved and knowingly encountered that risk.

### TENTH AFFIRMATIVE DEFENSE

The allegations contained in the Third-Party Complaint are barred by the application of the Economic Loss Doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's injuries, if any, occurred in whole, or in part as a result of the negligence or carelessness of plaintiff, and therefore, plaintiff is barred/and or limited by the doctrine of contributory or comparative negligence.

## TWELFTH AFFIRMATIVE DEFENSE

Swissport reserves the right to raise additional affirmative defenses based upon the facts developed through discovery.

**WHEREFORE,** Swissport demands judgment dismissing Delta's Third-Party Complaint in its entirety together with costs and disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York

January 25, 2008

Respectfully submitted,

_____

Roberta Miranda, Esq. (RM-5818)
MENDES & MOUNT, LLP
750 Seventh Ave.
New York, NY 10019-6829
212-261-8000
Attorneys for Defendant
SWISSPORT USA, INC.

Craig Shaw English
Kennedy Lillis Schmidt & English
75 Maiden Lane
Suite 402
New York, NY 10038
212-430-0800
Attorneys for Plaintiff


Francis Allen Montbach
Mound Cotton Wollan & Greengrass
(NYC)
One Battery Park Plaza
New York, NY 10004
212-804-4229
Attorneys for Delta Air Lines, Inc.


Nicholas Evan Pantelopoulos
Kaplan, Von Ohlen & Massamillo L.L.C.
555 Fifth Avenue
15th Floor
New York, NY 10017
212-922-0450
Attorneys for UTi United States, Inc.