MOUND COTTON WOLLAN & GREENGRASS
Francis A. Montbach (FAM9631)
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 804-4200
Fax: (212) 344-8066
Attorneys for Defendant,
Delta Air Lines, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

AMERICAN HOME ASSURANCE COMPANY,

                Plaintiff,

- against -

DELTA AIR LINES, INC., UTi UNITED
STATES, INC., & SERVICIOS LOGISTICS
INTEGRADOS and SWISSPORT USA, INC.,

                Defendants.
-----------------------------------------------------------------x

DELTA AIR LINES, INC.,

                Defendant and Third-Party Plaintiff,

- against -

SWISSPORT USA, INC.

                Third-Party Defendant.
-----------------------------------------------------------------x

07 Civ. 6219 (DC)

**ANSWER TO
CROSS-CLAIM OF
SWISSPORT USA, INC.**

        Defendant, Delta Air Lines, Inc. ("Delta") by its attorneys, Mound Cotton Wollan & Greengrass, as and for its Answer to the First Cross-Claim of Co-Defendant Swissport USA, Inc. herein alleges:

FIRST:   Denies each and every allegation contained in that paragraph of Co-Defendant Swissport USA, Inc.'s Answer to Amended Complaint designated "First Cross-Claims Against The Co-Defendants" insofar as that paragraph refers to Delta Air Lines, Inc.

AS AND FOR A FIRST COMPLETE
<u>AFFIRMATIVE DEFENSE</u>

SECOND:   Any damages allegedly suffered by the plaintiff herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

AS AND FOR A SECOND COMPLETE
<u>AFFIRMATIVE DEFENSE</u>

THIRD:   The contract of carriage embarked upon by the plaintiff herein was an international transportation and as such was governed, controlled and made subject to the terms and provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention.

FOURTH:   That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

FIFTH:   Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

### AS AND FOR A THIRD COMPLETE
### AFFIRMATIVE DEFENSE

SIXTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the plaintiff, its agents, servants and/or employees.

SEVENTH: Upon information and belief, any loss, damage or delay was caused by or contributed to by the plaintiff, its agents, servants and/or employees.

### AS AND FOR A FOURTH COMPLETE
### AFFIRMATIVE DEFENSE

EIGHTH:. That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless a written notice of claim concerning such loss, damage or delay is filed with this defendant within the applicable time limit.

NINTH: Upon information and belief, the proper written notice of claim concerning such loss, damage or delay was not filed with this defendant within the applicable time limit.

### AS AND FOR A FIFTH COMPLETE
### AFFIRMATIVE DEFENSE

TENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay in

that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

AS AND FOR A SIXTH COMPLETE<br><u>AFFIRMATIVE DEFENSE</u>

ELEVENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

TWELFTH: Upon information and belief, the damages allegedly suffered by the plaintiff herein are of a consequential and/or special nature.

AS AND FOR A SEVENTH COMPLETE<br><u>AFFIRMATIVE DEFENSE</u>

THIRTEENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

FOURTEENTH: Upon information and belief, any loss, damage or delay allegedly suffered by the plaintiff herein was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

AS AND FOR AN EIGHTH COMPLETE
AFFIRMATIVE DEFENSE

FIFTEENTH: Plaintiff and its subrogor(s) has (have) failed and refused to mitigate their damages, if any.

AS AND FOR A NINTH COMPLETE
AFFIRMATIVE DEFENSE

SIXTEENTH:   That under the applicable provisions of the Master Agreement for Airport Services between Delta Air Lines, Inc. and Swissport USA, Inc. dated August 1, 2000, Delta Air Lines, Inc. is entitled to full indemnification from Swissport USA, Inc. for any liability it may have for damages to plaintiff's shipment resulting from the acts or omissions of Swissport USA, Inc. in connection with services provided by Swissport USA, Inc. to plaintiff's shipment, in accordance with said Master Agreement, at JFK International Airport, Jamaica, New York.

AS AND FOR A TENTH PARTIAL
AFFIRMATIVE DEFENSE

SEVENTEENTH:   That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the 1999 Montreal Convention, the liability, if any, of this defendant for any loss, damage or delay is limited.

WHEREFORE, defendant, Delta Air Lines, Inc., demands judgment against the Co-Defendant Swissport, USA, Inc. dismissing the First Cross-Claim, together with costs and disbursements.

Dated: New York, New York
       January 30, 2008.

                      MOUND, COTTON & WOLLAN & GREENGRASS
                      Attorneys for Defendant,
                      Delta Air Lines, Inc.

                      By: _____
                           Francis A. Montbach (FAM9631)
                           Office and P. O. Address
                           One Battery Park Plaza
                           New York, New York   10004
                           (212) 804-4200


TO:    MENDES & MOUNT, LLP
        Attorneys for Swissport USA, Inc.
        750 Seventh Avenue
        New York, NY   10019-6829

        KENNEDY, LILLIS, SCHMIDT & ENGLISH
        Attorneys for Plaintiff
        American Home Assurance Company
        75 Maiden Lane
        Suite 402
        New York, New York   10038-4816

        KAPLAN, VON OHLEN & MASSAMILLO, LLC
        Attorneys for UTi UNITED STATES, INC.
        555 Fifth Avenue
        15th Floor
        New York, NY   10017

AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF NEW YORK   )

      Marian Kelly, being duly sworn, deposes and says:

      Deponent is not a party to this action, is over the age of 18 years, and resides in Maywood, New Jersey. That on the 30th day of January, 2008 deponent served the within ANSWER TO CROSS-CLAIM OF SWISSPORT USA, INC. upon:

MENDES & MOUNT, LLP
750 Seventh Avenue
New York, NY 10019-6829

KAPLAN, VAN OHLEN & MASSAMILLO, LLC
555 Fifth Avenue
15th Floor
New York,1 NY 10017

KENNEDY LILLIS, SCHMIDT & ENGLISH
75 Maiden Lane - Suite 402
New York, New York 10038-1818

at the addresses designated by said attorneys by depositing the same enclosed in a postpaid properly addressed wrapper directed to each of said attorneys at the above addresses in an official depository under the exclusive care and custody of the US Postal Service within the State of New York.

                                          _____
                                          Marian Kelly

Sworn to before me this
30th day of January, 2008.

_____
Notary Public

IRENE SIEGEL
Notary Public State of New York
No. 41-4872330
Qualified in Queens County
Commission Expires October 14, 2010