UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, | INDEX: 07 Civ. 6219(DC) |
| Plaintiff, | **SWISSPORT'S ANSWER TO DELTA'S CROSS-CLAIMS** |
| - against - | |
| DELTA AIRLINES, INC., UTi UNITED STATES, INC., SERVICIOS LOGISTICS INTEGRADOS, & SWISSPORT USA, INC. | |
| Defendants | |

Defendant and Third-Party Defendant SWISSPORT USA, INC. (hereinafter referred to as "SWISSPORT"), by its attorneys, MENDES & MOUNT, L.L.P., hereby responds to Delta's First and Second Cross-Claims enclosed within Delta's Answer to the Amended Complaint and upon information and belief alleges as follows:

1. Swissport denies all the allegations contained in paragraph 23;
2. Swissport denies all the allegations contained in paragraph 24.

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's and/or Third-Party Plaintiff's damages, if any, were caused by their own sole or contributory negligence and therefore Third-Party defendant is not liable to plaintiff, Third-Party plaintiff and/or any other party to this lawsuit.

### SECOND AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff and/or Third-Party Plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their

agents or employees, or by others unknown at this time over whom Swissport had no control at any time relevant hereto, and in the event Swissport is found liable, which liability is expressly denied, Swissport will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### THIRD AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff and/or Third-Party Plaintiff were not proximately caused by any negligence or culpable conduct on the part of Swissport.

### FOURTH AFFIRMATIVE DEFENSE

That Third-Party Plaintiff Delta could, with due diligence, have obtained personal jurisdiction over tortfeasors not a party to this lawsuit and thus the culpability of these missing or absent tortfeasors may be computed into the apportionment of total culpability causing the subject occurrence.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, and thus Delta recovery, is subject to the conditions of contract of the applicable Airway Bill and the provisions of the Convention for the Unification of Certain Rules of International Carriage by Air done at Montreal on May 28, 1999 (Montreal Convention).

### SIXTH AFFIRMATIVE DEFENSE

Swissport reserves the right to raise additional affirmative defenses based upon the facts developed through discovery.

**WHEREFORE,** Swissport demands judgment dismissing Delta's cross-claims in their entirety together with costs and disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York

February 15, 2008

Respectfully submitted,

Roberta Miranda, Esq. (RM-5818)
MENDES & MOUNT, LLP
750 Seventh Ave.
New York, NY 10019-6829
212-261-8000
Attorneys for Defendant
SWISSPORT USA, INC.

Craig Shaw English
Kennedy Lillis Schmidt & English
75 Maiden Lane
Suite 402
New York, NY 10038
212-430-0800
Attorneys for Plaintiff

Francis Allen Montbach
Mound Cotton Wollan & Greengrass
(NYC)
One Battery Park Plaza
New York, NY 10004
212-804-4229
Attorneys for Delta Air Lines, Inc.


Nicholas Evan Pantelopoulos
Kaplan, Von Ohlen & Massamillo L.L.C.
555 Fifth Avenue
15th Floor
New York, NY 10017
212-922-0450
Attorneys for UTi United States, Inc.