UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

AMERICAN HOME ASSURANCE COMPANY,

                Plaintiff,                07 Civ. 6219 (DC)

    - against -

DELTA AIR LINES, INC., UTi UNITED
STATES, INC., & SERVICIOS LOGISTICS
INTEGRADOS and SWISSPORT USA, INC.,

                Defendants.
-------------------------------------------------------------------x
DELTA AIR LINES, INC.,

                Defendant and Third-Party Plaintiff,

    - against -

SWISSPORT USA, INC.

                Third-Party Defendant.
-------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF THIRD-PARTY PLAINTIFF, DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT**

                        MOUND COTTON WOLLAN & GREENGRASS
                        Attorneys for Third-Party Plaintiff
                        Delta Air Lines, Inc.
                        Office and P. O. Address
                        One Battery Park Plaza
                        New York, NY   10004
                        (212) 804-4200

FRANCIS A. MONTBACH
OF COUNSEL

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

FACTS ..........................................................................................................................................2

ARGUMENT.................................................................................................................................3

THE MASTER AGREEMENT UNAMBIGUOUSLY REQUIRES SWISSPORT
TO PAY FOR ALL COSTS INCURRED BY DELTA ...............................................................3

   A.     The Master Agreement's Indemnification Provision is Unambiguous................................4

   B.     The Master Agreement's Unambiguous Indemnification Provision Must
           Be Interpreted as Broadly as Possible..................................................................................5

   C.     A Notice or Tender Requirement Must Not Be Implied Into the Master
           Agreement Because Georgia Law Forbids a Court from Altering or
           Rendering Meaningless the Contract's Unambiguous Terms ...........................................7

   D.     Delta and Swissport Clearly Intended that Swissport's Duty to Indemnify
           Delta Would Not Be Contingent on Delta Providing Swissport with
           Formal Notice or Tender.....................................................................................................9

CONCLUSION............................................................................................................................11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

AMERICAN HOME ASSURANCE COMPANY,

                Plaintiff,                          07 Civ. 6219 (DC)

    - against -

DELTA AIR LINES, INC., UTi UNITED
STATES, INC., & SERVICIOS LOGISTICS
INTEGRADOS and SWISSPORT USA, INC.,

                Defendants.
-------------------------------------------------------------------x
DELTA AIR LINES, INC.,

                Defendant and Third-Party Plaintiff,

    - against -

SWISSPORT USA, INC.

                Third-Party Defendant.
-------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF THIRD-PARTY PLAINTIFF, DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Third-party plaintiff Delta Air Lines, Inc., ("Delta"), by and through its attorneys, Mound Cotton Wollan & Greengrass, respectfully submits this memorandum of law in support of its motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking full indemnification from third-party defendant Swissport, USA Inc. ("Swissport") in accordance with the Master Agreement between Delta and Swissport.

## FACTS

On August 1, 2000, Swissport and Delta entered into an agreement entitled "Master Agreement for Airport Services" ("Master Agreement") (See Bayron Affidavit, Exhibit "A"). In relevant part, the Master Agreement required Swissport to indemnify Delta "to the fullest extent permitted by law...from and against any and all claims, damages, losses, fines, penalties, liabilities, judgments costs and expenses of any kind or nature whatsoever."[1]

On September 23, 2006, a shipment of pharmaceuticals was delivered to Delta at J.F.K. International Airport for carriage to Barcelona, Spain. The shipment is alleged to have belonged to plaintiff American Home Assurance Company's ("AHA") subrogor, Bristol Myers Squibb ("BMS"). It is alleged that the shipment was damaged upon arrival and had to be discarded (See Montbach Affirmation, Exhibit "2"). The acceptance and handling of the shipment, while at J.F.K. International Airport, was performed by Swissport as handling agent for Delta, pursuant to the Master Agreement (See Bayron Affidavit, paragraph #6). While Swissport was handling the shipment a portion of it fell off a dolly on which Swissport was transporting it to the intended flight and had to be reloaded for carriage on another flight (See Bayron Affidavit, paragraph #5). It is alleged that the cargo was damaged as a result of this incident at J.F.K.

On or about July 5, 2007, AHA, as subrogee of BMS, filed suit against Delta, alleging $591,023.73 in damages to BMS' shipment of pharmaceuticals. (See Montbach Affirmation, Exhibit "2). On or about December 4, 2007 Delta tendered the defense of AHA's suit to Swissport, notifying Swissport of Delta's intention to have Swissport take over the defense of the

---

[1] The Master Agreement's full text is provided as Exhibit "A" to the Affidavit of Norma Bayron, sworn to the 1st day of August, 2008.

2

suit and requesting that it fully indemnify Delta for all costs incurred in connection with BMS' shipment. (See Montbach Affirmation, Exhibit "1"). On or about April 15, 2008 Swissport conditionally accepted Delta's notification of tender, (See Montbach Affirmation, Exhibit "5) conditioning indemnity upon Delta agreeing to the reimbursement of reasonable costs and expenses only from the date of tender, rather than the date of the incident which gave rise to the underlying claim. This condition is unacceptable to Delta. Delta files the instant motion in response to Swissport's refusal to comply with its duty to indemnify Delta, seeking to compel Swissport to fully indemnify Delta for all costs incurred in connection with BMS' shipment.

## ARGUMENT

### THE MASTER AGREEMENT UNAMBIGUOUSLY REQUIRES SWISSPORT TO PAY FOR ALL COSTS INCURRED BY DELTA

The Master Agreement unambiguously requires Swissport to indemnify Delta for any and all harms, without qualification as to their kind, nature, or the time at which they occurred. Swissport is required to indemnify Delta to the fullest extent possible. No notice or tender provision may be incorporated into the Master Agreement because such a provision would render other portions of the Master Agreement meaningless, and because Delta and Swissport clearly intended that no such provision would be included in the Master Agreement. Because no material issue of fact exists with respect to any of these assertions, the applicable Georgia law requires this Court to grant Delta's motion for summary judgment and hold that Swissport must fully indemnify Delta for all of its costs as a matter of law.[2]

---

[2] According to the terms of the Master Agreement, any disputes or questions of law arising under the Master Agreement are to be resolved according to Georgia law. (See Master Agreement, p. 16).

3

A.   **The Master Agreement's Indemnification Provision is Unambiguous**

The Master Agreement's indemnification provision unambiguously allows Delta to be indemnified for any and all costs in this matter. Contract language is unambiguous when it is capable of only one reasonable interpretation. 4 G Properties, LLC v. GALS Real Estate, Inc., 656 S.E.2d 922, 923 (Ga. Ct. App. 2008). In determining a word's meaning, Georgia law requires courts to interpret the word according to its "usual and common signification." O.C.G.A. §13-2-2. Accordingly, when determining whether or not a word is ambiguous, a court should examine the word's usual and common meaning.

Courts may examine a dictionary to determine a word's usual and common meaning. See McDuffie v. Argroves, 497 S.E.2d 5, 7 (Ga. Ct. App. 1998); see also Market Place Shopping Center v. Basic Business Alternatives, Inc., 445 S.E.2d 824, 826 (Ga. Ct. App. 1994); see also Barrow County Airport Authority v. Romanair, Inc., 563 S.E.2d 467, 471 (Ga. Ct. App. 2002). Paragraph 11.1 of the Master Agreement requires Swissport to indemnify Delta for "any and all claims, damages, losses, fines, penalties, liabilities, judgments, costs and expenses of any kind or nature whatsoever." "Any" is commonly understood to mean "unmeasured or unlimited in amount, number or extent," and "appreciably large or extended." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY (1989). Similarly, "all" is commonly understood to mean "the whole amount or quantity of," "as much as possible," and "every." Id.

Georgia courts have agreed that the terms "any" and "all," when used in a contract, are unambiguous. See Macris v. Laughlin Insulation Co., 185 S.E.2d 413, 415 (Ga. Ct. App. 1971) (stating that a release of "all claims" was unambiguous and could not be altered by parol evidence); see also Harkins v. CA 14th Investors, Ltd., 544 S.E.2d 744, 745-746 (Ga. Ct. App.

4

2001) (holding that a release of any and all claims of whatever nature was unambiguous); see also Hearn v. Old Dominion Freight Lines, 324 S.E.2d 517, 517-518 (Ga. Ct. App. 1984) (holding that contract language making a party liable for "all cargo loss" was unambiguous); see also Country Club Apartments v. Scott, 267 S.E.2d 811, 813 (Ga. Ct. App. 1980) *overruled on other grounds by* Colquitt v. Rowland, 463 S.E.2d 491, 493 n.1 (Ga. 1995) (stating that "The exculpatory provision purports to release appellant from 'all damages' regardless of cause... The provision is not ambiguous. Rather, it is all-inclusive").

As interpreted under Georgia case law and according to each word's dictionary definition, "any" and "all" clearly share the same commonly understood meaning - an inclusive, large amount. Because each term has only one commonly understood meaning, they are capable of only one reasonable interpretation, and are therefore unambiguous.

### B. The Master Agreement's Unambiguous Indemnification Provision Must Be Interpreted as Broadly as Possible

As used in Paragraph 11.1 of the Master Agreement, the terms "any" and "all" unambiguously signify a broad, expansive amount. Accordingly, the portion of Paragraph 11.1 requiring that Delta be indemnified for "any and all claims, damages, losses, fines, penalties, liabilities, judgments, costs and expenses" unambiguously requires that Swissport indemnify Delta to the greatest extent possible in all such instances.

The Georgia Court of Appeals has held that an indemnification provision allowing an entity to be indemnified for "any and all" costs must be interpreted as broadly as possible. In Deep Six, Inc. v. Abernathy, 538 S.E.2d 886 (Ga. Ct. App. 2000), the Court of Appeals of Georgia examined two separate indemnification contracts which contained terms nearly identical

5

to those found in the Master Agreement. The first indemnity contract stated that Deep Six would be indemnified for "any and all expenses and tax payments… including, but not being limited to … attorneys' fees … authorized and approved by Sellers" Id. at 888. The second indemnity agreement stated that Deep Six was to be indemnified for: "[A]ny and all losses, claims, damages, liabilities, costs or expenses including without limitation, attorneys' fees, and all trial and/or appellate court costs." Id. When interpreting the two contracts, the court examined both agreements' broad language, stating that "The use of 'any and all' and 'but not being limited to' seems calculated to give the most expansive application possible…" Id. at 889.

The terms found in Paragraph 11.1 of the Master Agreement are nearly identical to those in the Deep Six agreements. The Master Agreement states that: "To the fullest extent permitted by law, Contractor shall release, indemnify, defend and hold harmless Delta… from and against **any and all claims, damages, losses**, fines, penalties, liabilities, judgments, **costs and expenses** of any kind or nature whatsoever (**including but not limited to interest, court costs and attorney's fees**…" (emphasis added for portions of the Master Agreement which are identical to the Deep Six agreements). In addition to these similarities, the Master Agreement provides for Delta to be indemnified "[t]o the fullest extent permitted by law," and for costs "of any kind or nature whatsoever." Going beyond the harms listed in the Deep Six agreements, the Master Agreement allows Delta to be indemnified for "fines, penalties, liabilities, [and] judgments…" If the Court of Appeals of Georgia held that the Deep Six agreements' language deserves "the most expansive application possible," surely the broader language used in the Master Agreement would warrant identical treatment.

6

Any provision requiring Delta to provide Swissport with notice or tender would be an express limitation on Delta's right to indemnity. The Master Agreement prevents any limitations from being placed on Delta's right to indemnity. Therefore, Swissport's argument that Delta's right to indemnity is conditioned on its providing notice or tender to Swissport must fail. Because Swissport's argument is wholly unsupported by the Master Agreement's unambiguous terms, it is Delta's position that, this Court should find that Swissport has a duty to indemnify Delta for all costs, as a matter of law.

### C.   A Notice or Tender Requirement Must Not Be Implied Into the Master Agreement Because Georgia Law Forbids a Court from Altering or Rendering Meaningless the Contract's Unambiguous Terms

Paragraph 11.1 of the Master Agreement contains no provision requiring Delta to notify or provide tender to Swissport before Delta may be indemnified for harms it has incurred. Despite this indisputable fact, Swissport unjustifiably maintains that the Master Agreement requires Delta to provide it with notice or tender before it has any duty to indemnify and/or defend Delta. Georgia law expressly rejects Swissport's unfounded argument.

Under Georgia law, "courts will introduce terms into a contract **only** when the term does not conflict with any express provision of the agreement **and** 'where there arises from the language of the contract itself, and the circumstances under which it was entered into, an inference that it is **absolutely necessary** to introduce the term to effectuate the intention of the parties" (emphasis added). DPLM, Ltd. v. J.H. Harvey Co., 526 S.E.2d 409, 414 (Ga. Ct. App. 1999). An interpretation of a contract that upholds the contract in its entirety is preferred. O.C.G.A. §13-2-2. Accordingly, Georgia courts are bound to "give meaning to every term rather than construe any term as meaningless." See North Augusta Associates Ltd. Partnership v. 1815

Exchange, Inc., 469 S.E.2d 759, 762 (Ga. Ct. App. 1996); see also Megel v. Donaldson, 654 S.E.2d 656, 660 (Ga. Ct. App. 2007) (stating that "it is well established that a court should avoid an interpretation of a contract which renders portions of the language of the contract meaningless").

With respect to expansive contract provisions in particular, the Court of Appeals of Georgia has refused to interpret a contract in a way that would limit the effect of such provisions. See Deep Six, 538 S.E.2d at 889 (stating that because "any and all" and "but not being limited to" are intended to give a contract "the most expansive application possible," such language would impermissibly be rendered meaningless if other portions of the contract were to be interpreted in a way that limited the scope of such provisions).

Here, any attempt to re-write the Master Agreement so as to include a duty to provide Swissport with notice or tender would be improper under Georgia law. Including such a duty violates the first condition set forth in DPLM - that terms be introduced only when they do not conflict with an express provision of the contract. Inserting a provision into the Master Agreement that would limit Delta's right to indemnification to after notice or tender conflicts with other terms stating that Delta is to have the broadest and most expansive right to indemnification possible under the law. This conflict would also violate the rule stated in Deep Six, whereby a contract is not to be altered in a way that limits its expansive provisions. In addition, contrary to DPLM's second condition for adding a term to a contract, it is not "necessary" to imply a notification or tender provision into the Master Agreement. The Master Agreement does not fail or cease to function without a notice or tender provision; to the contrary,

8

it works according to its exact specifications. For these reasons, no provision requiring notification or tender for full indemnification may be implied into the Master Agreement's terms.

Because the Master Agreement does not contain a provision requiring Delta to provide Swissport with notice or tender, and because Georgia law prohibits such a provision from being added to the Master Agreement, Swissport's argument that notice or tender was required must fail and Delta must be indemnified for all costs incurred, as a matter of law.

### D. Delta and Swissport Clearly Intended that Swissport's Duty to Indemnify Delta Would Not Be Contingent on Delta Providing Swissport with Formal Notice or Tender

The unambiguous terms of the Master Agreement clearly show that Delta and Swissport intended Paragraph 11.1 of the Master Agreement to allow Delta to be broadly indemnified for all costs it may incur, without limitation. "The cardinal rule of construction of contracts is to ascertain the intention of the parties." Undercofler v. Whiteway Neon Ad, Inc., 152 S.E.2d 616, 618 (Ga. Ct. App. 1996). See Southern Federal Sav. and Loan Ass'n of Atlanta v. Lyle, 290 S.E.2d 455, 458 (Ga. 1982) (stating that the fundamental goal of all courts when interpreting a contract is to give effect to the contracting parties' true intentions). When a contract's terms are unambiguous, courts look to the contract alone to determine the parties' intentions. Burkett v. Liberty Mut. Fire Ins. Co., 629 S.E.2d 558, 559 (Ga. Ct. App. 2006). See Fireman's Fund Ins. Co. v. University of Georgia Athletic Ass'n, Inc., 654 S.E.2d 207 (Ga. Ct. App. 2007).

Paragraph 11.1 of the Master Agreement is unambiguous. Its terms are susceptible to only one reasonable interpretation - namely, that Delta is to be indemnified for all costs it may incur, regardless of their nature or the time when they occurred. Because Paragraph 11.1 of the

9

Master Agreement is unambiguous, this Court must determine the parties' intentions by examining this section of the Master Agreement itself, and no other source.

Paragraph 11.1 of the Master Agreement, and the terms provided therein, unquestionably lead to the conclusion that both Swissport and Delta intended that this portion of the Master Agreement broadly indemnify Delta for any and all harms it may incur. Only a single limitation is placed on the kinds of harms that Delta may be indemnified for - harms for which Delta's negligence was the sole cause. Because the Master Agreement made it a point to specifically mention instances where Delta could not be indemnified for harms that it suffered, it logically follows that both Swissport and Delta intended to allow Delta to be indemnified for any other situation not falling under this narrow exclusion. This conclusion is supported by the fact that, outside of this specific limitation, the Master Agreement calls for Delta to be indemnified "from and against any and all claims... of any kind or nature whatsoever." If either party had not intended for Delta to be indemnified to such an extent, the parties would not have signed a contract explicitly calling for Delta to be indemnified in all such situations "[t]o the fullest extent permitted by law." When all of these clauses are viewed as a whole, there can be no doubt that this section of the Master Agreement was intended by both Swissport and Delta to be as expansive as possible, and not - as Swissport claims - limited by any notification or tender requirement.

Because both Swissport and Delta intended for Delta to be broadly indemnified for any harms incurred, Swissport may not now claim that an unstated, contradictory notification and/or tender provision should be added into the contract. Accordingly, it is requested that this Court reject Swissport's argument on this matter, refuse to add such provisions into the Master

Agreement, and fulfill the true intentions of the Master Agreement's contracting parties by allowing Delta to be fully indemnified by Swissport for all costs incurred since the date on which BMS' cargo was damaged.

## CONCLUSION

In light of the foregoing, it is respectfully requested that Delta's motion for summary judgment be granted.

Dated: New York, New York
       August 4, 2008.

                         MOUND COTTON WOLLAN & GREENGRASS
                         Attorney for Third-Party Plaintiff
                         Delta Air Lines, Inc.

                         By: /s/ Francis A. Montbach
                         Francis A. Montbach (FAM9631)
                         Office and P.O. Address
                         One Battery Park Plaza
                         New York, New York 10004
                         (212) 804-4200
                         fmontbach@moundcotton.com