MOUND COTTON WOLLAN & GREENGRASS
Francis A. Montbach (FAM9631)
One Battery Park Plaza
New York, NY  10004
Telephone: (212) 804-4200
Fax: (212) 344-8066
Attorneys for Third-Party Plaintiff
Delta Air Lines, Inc.


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

AMERICAN HOME ASSURANCE CO.

           Plaintiff,

   - against -

DELTA AIR LINES, INC., UTi UNITED STATES
INC. & SERVICOS LOGISTICS INTERGRADOS

          Defendants.
-----------------------------------------------------------------X
DELTA AIRLINES, INC.

          Third-Party Plaintiff,

   - against -

SWISSPORT USA, INC.

          Third-Party Defendant.
-----------------------------------------------------------------X

Index No.: 07 CIV. 6219 (DC)

**RULE 56.1 STATEMENT**


Pursuant to Local Rule 56.1, third-party plaintiff Delta Air Lines, Inc. ("Delta") submits its Statement of Undisputed Material Facts in support of its Motion for Summary Judgment, herein:

1.     On August 1, 2000, Swissport USA, Inc. ("Swissport") and Delta entered into an agreement titled "Master Agreement for Airport Services" ("Master Agreement"). (See Bayron Affidavit, Ex. A).

2.     Paragraph 11.1 of the Master Agreement states:

To the fullest extent permitted by law, Contractor shall release, indemnify, defend and hold harmless Delta and the Airport Operator, and their respective directors, officers, employees and agents (collectively, the "Indemnified Parties" and individually, an "Indemnified Party") from and against any and all claims, damages, losses, fines, penalties, liabilities, judgments, costs and expenses of any kind or nature whatsoever (including but not limited to interest, court costs and attorney's fees) which in any way arise out of or result from any act(s) or omission(s) by Contractor (or anyone directly or indirectly employed by Contractor or anyone for whose acts Contractor may be liable) in the performance or nonperformance of Services or other obligations under this Agreement or in the use or occupancy of any facilities or equipment provided by Delta, including but not limited to injury to or death of any person, damage to or destruction of any property, real or personal (including but not limited to property owned, leased or under the control of Delta), and liability or obligations under or with respect to any violation of federal, state and local laws, regulations, rules, codes and ordinances (including but not limited to those concerning environmental protection). This Section shall apply regardless of whether or not the damage, loss or injury complained of arises out of or relates to the negligence (whether active, passive or otherwise) of, or was caused in part by, an Indemnified Party. However, nothing contained in this Section shall be construed as a release or indemnity by Contractor of an Indemnified Party from or against any loss, liability or claim arising from the sole negligence or willful misconduct of that Indemnified Party. This Section shall not be construed to negate, abridge or otherwise reduce any other right to indemnity which would otherwise exist in favor of any Indemnified Party, or any other obligation of Contractor, its officers, directors, employees, agents or contractors to indemnify an Indemnified Party. Contractor's obligations under this Section shall not be limited in any way by any limitation on the amount or type of damages, compensation or benefits paid or payable by Contractor under Workers' Compensation Acts, disability benefits acts or other employee benefit laws or regulations. The indemnification obligations of this Section shall survive termination or expiration of this Agreement.

(See Bayron Affidavit, Ex. A, page 14).

3.     At all times relevant to this action, with respect to the Master Agreement, the term "Contractor" refers to Swissport. (See Bayron Affidavit, Ex. A, page 1).

4.    At all times relevant to this action, Swissport was the designated entity responsible for handling cargo on behalf of Delta at John F. Kennedy International Airport ("JFK"). (See Bayron Affidavit, paragraph 3).

5.    On or about September 23, 2006, a shipment of pharmaceuticals was transported from JFK to Barcelona, Spain by Delta on behalf of plaintiff American Home Assurance Company's ("AHA") subrogor, Bristol Myers Squibb ("BMS"). (See Bayron Affidavit, paragraph 5).

6.    AHA alleges that upon its arrival in Barcelona, BMS' cargo was in a damaged condition, such that all of the cargo had to be destroyed, resulting in a $591,023.73 loss. (See Bayron Affidavit, paragraph 5).

7.    While in Swissport's custody and control, at JFK, ULD PMC 72737, which contained a portion of BMS' cargo, fell off the dolly it was being transported on to the flight line, the cargo shifted, resulting in that portion of BMS' cargo missing the intended flight and necessitating the rebuilding of the ULD. (See Bayron Affidavit, paragraph 5).

8.    On or about July 5, 2007, AHA, as subrogee of BMS, filed suit against Delta, alleging $591,023.73 in damages to BMS' shipment of pharmaceuticals. (See Bayron Affidavit, paragraph 5).

9.    On or about December 4, 2007, Delta tendered the defense of AHA's suit to Swissport, notifying Swissport of Delta's intention to have Swissport take over defense of the suit and to fully indemnify Delta for all costs incurred in connection with BMS' shipment. (See Montbach Affirmation, Exhibit #1).

10.   On or about February 20, 2008, Swissport conditionally accepted Delta's notification of tender.  (See Montbach Affirmation, Exhibit #3).

11.   On March 24, 2008, Delta wrote to Swissport advising that the conditional acceptance of Delta's tender was unacceptable and reiterated its request that Swissport defend and indemnify it in accordance with the Master Agreement (See Montbach Affirmation, Exhibit #4).

12.   On April 15, 2008 Swissport advised that it would accept Delta's March 24, 2008 proposal with the exception that it would only indemnify Delta for reasonable costs and expenses from the date of tender, December 4, 2007 (See Montbach Affirmation, Exhibit #5).

13.   On April 25, 2008,  Delta advised Swissport that it would not accept or agree to Swissport's limitation on indemnification to reasonable costs and expenses from the date of tender (See Montbach Exhibit #6).

Dated: New York, New York
       August 4, 2008

                                   MOUND COTTON WOLLAN & GREENGRASS

                                   By _____
                                      Francis A. Montbach, Esq.
                                      Attorneys for
                                      Third-Party Plaintiff
                                      Delta Air Lines, Inc.
                                      One Battery Park Plaza
                                      New York, New York 10004
                                      (212)-804-4200