Case 1:07-cv-06219-DC   Document 27-3   Filed 08/05/2008   Page 1 of 6

Exhibit 2

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMERICAN HOME ASSURANCE CO.

                        Plaintiff,

        -against-                                          07 CIV. 6219 (DC)

DELTA AIR LINES, INC., UTi UNITED STATES
INC. & SERVICIOS LOGISTICS INTERGRADOS

                        Defendants.
------------------------------------------------------------X    THIRD-PARTY COMPLAINT
DELTA AIR LINES, INC.

                        Third-Party Plaintiff,

        -against-

SWISSPORT USA, INC.

                        Third-Party Defendant.
------------------------------------------------------------X
```

Defendant/third-party plaintiff, DELTA AIR LINES, INC. ("DELTA"), by its attorneys, MOUND, COTTON, WOLLAN & GREENGRASS, as and for its third-party complaint herein, alleges:

## NATURE OF THE ACTION

1.   This is a third-party action by which defendant/third-party plaintiff DELTA seeks to compel third-party defendant SWISSPORT USA, INC. ("SWISSPORT") to defend, hold harmless and indemnify DELTA with respect to any and all claims or damages currently asserted against DELTA.

213000.1

## THE PARTIES

2. That at all times complained of herein, defendant/third-party plaintiff, DELTA, was and still is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Georgia, with an office located at 1030 Delta Boulevard, Atlanta, Georgia.

3. That at all times complained of herein, third-party defendant, SWISSPORT, was and still is a foreign corporation, duly organized and existing under and by virtue of the laws of Virginia, with an office located at 45025 Aviation Drive, Dulles, Virginia.

4. That on or about July 5, 2007, plaintiff AMERICAN HOME ASSURANCE COMPANY ("AHA"), as subrogee of BRISTOL MEYERS SQUIBB, filed suit against defendant/third-party plaintiff DELTA, alleging total estimated damages to be $591,023.73, for damage to a shipment of pharmaceuticals, specifically a drug called Megace.

5. That a true, accurate and complete copy of plaintiff's complaint is annexed hereto and made a part hereof, as Exhibit "A."

6. That on July 27, 2007, issue was joined on behalf of defendant/third-party plaintiff, DELTA, by the service of an answer.

7. That a true, accurate and complete copy of the answer of defendant/third-party plaintiff, DELTA, is annexed hereto and made a part hereof, as Exhibit "B."

## FACTS COMMON TO ALL COUNTS

8. On or about September 23, 2006, a shipment of pharmaceuticals was transported from John F. Kennedy International Airport ("JFK") to Barcelona, Spain by defendant/third-party plaintiff DELTA on behalf of plaintiff's subrogor, Bristol Meyers Squibb.

213000.1

9. It is alleged that upon arrival in Barcelona, the cargo was in a damaged condition, such that all of the cargo had to be discarded, resulting in a $591,023.73 loss.

10. At all times relevant to this action, SWISSPORT was the designated entity responsible for handling cargo on behalf of DELTA at JFK.

## AS AND FOR A FIRST CAUSE OF ACTION

11. On August 1, 2000, SWISSPORT entered into an agreement with DELTA titled "Master Agreement for Airport Services" ("Agreement").

12. Pursuant to Paragraph 11.1 of the Agreement, SWISSPORT has agreed to release, indemnify, defend and hold DELTA harmless for any claims related to this action:

> To the fullest extent permitted by law, Contractor shall release, indemnify, defend and hold harmless Delta and the Airport Operator, and their respective directors, officers, employees and agents…from and against any and all claims, damages, losses, fines, penalties, liabilities, judgments, costs and expenses of any kind or nature whatsoever…which in any way arise out of or result from any act(s) or omission(s) by Contractor (or anyone directly or indirectly employed by Contractor or anyone for whose acts Contractor may be liable) in the performance or nonperformance of Services or other obligations under this Agreement or in the use or occupancy of any facilities or equipment provided by Delta including…damage to or destruction of any property, real or personal….

13. By reason of the foregoing, SWISSPORT is obligated to hold harmless and defend DELTA against any and all claims put forth in this action. Alternatively, if, and in the event, plaintiff, AHA, recovers any sum or judgment against defendant/third-party plaintiff, DELTA, then defendant/third-party plaintiff is entitled to contractual indemnification from third-party defendant SWISSPORT for the full amount of any such sum or judgment.

213000.1

## AS AND FOR A SECOND CAUSE OF ACTION

14. At all times relevant to this action, SWISSPORT was the entity designated to handle cargo on behalf of DELTA at JFK, the location at which the alleged damage occurred.

15. Any damage to cargo transported by DELTA from JFK to Barcelona happened while the cargo was in the possession and control of SWISSPORT. Pursuant to the Agreement, Exhibit A, Section 2 "Cargo Handling Specifications," Subsection III(A)(8), SWISSPORT is specifically responsible for palletizing/depalletizing cargo. It is apparent from the evidence submitted in this action that any alleged damage to the cargo would have taken place while the cargo was being palletized/depalletized in preparation for transport.

15. If, and in the event, plaintiff, AHA, sustained damages as alleged in the complaint, said damages were caused, in whole or in part, by the intentional conduct, carelessness, negligence, acts, omissions, breach of contract and/or breach of bailment of third-party defendant SWISSPORT, and not by any carelessness, negligence, acts or omissions by defendant/third-party plaintiff, DELTA.

16. By reason of the foregoing, if, and in the event, plaintiff, AHA, recover any sum or judgment against defendant/third-party plaintiff DELTA, then defendant/third-party plaintiff is entitled to indemnification from third-party defendant, SWISSPORT, for the full amount of any such sum or judgment.

**WHEREFORE**, defendant/third-party plaintiff DELTA requests that third-party defendant SWISSPORT hold harmless and defend DELTA against any and all claims asserted in this action. Additionally, defendant/third-party plaintiff DELTA demands judgment for indemnification against SWISSPORT for all or part of any verdict or judgment obtained by

213000.1

plaintiff, AMERICAN HOME ASSURANCE CO., together with costs, disbursements, interest and attorneys' fees.

**Dated**:   New York, New York
December 19, 2007

                             MOUND COTTON WOLLAN & GREENGRASS

                             By: _____
                             Francis A. Montbach, Esq.
                             Attorneys for Defendant,
                             DELTA AIR LINES, INC.
                             One Battery Park Plaza,
                             New York, New York 10004-1486
                             (212) 804-4200

TO:     KENNEDY, LILLIS, SCHMIDT & ENGLISH
          Attorneys for Plaintiff
          American Home Assurance Company
          75 Maiden Lane
          Suite 402
          New York, New York  10038-4816

          Andrew R. Spector, Esq.
          Hyman Spector & Mars, LLP
          Attorneys for Defendant
          UTi UNITED STATES, INC.
          Museum Tower, 27th Floor
          150 West Flager Street
          Miami, Florida

          SERVICIOS LOGISTICS INTEGRADOS, S.A.
          C/ Severo Ochoa 3
          Madrid, Los Rozas
          Spain

213000.1