MOUND COTTON WOLLAN & GREENGRASS
Francis A. Montbach (FAM9631)
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 804-4200
Fax: (212) 344-8066
Attorneys for Third-Party Plaintiff
Delta Air Lines, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

AMERICAN HOME ASSURANCE COMPANY,

                Plaintiff,                        07 Civ. 6219 (DC)

   - against -

DELTA AIR LINES, INC., UTi UNITED
STATES, INC., & SERVICIOS LOGISTICS
INTEGRADOS and SWISSPORT USA, INC.,

                Defendants.                    **AFFIDAVIT OF**
-----------------------------------------------------------------x    **NORMA BAYRON**
DELTA AIR LINES, INC.,

                Delta and Third-Party Plaintiff,

   - against -

SWISSPORT USA, INC.

                Third-Party Defendant
-----------------------------------------------------------------x

STATE OF GEORGIA
COUNTY OF FULTON

Norma I. Bayron, being duly sworn, deposes and says:

1. I am the Cargo Claims Manager for Delta Air Lines, Inc. and in that capacity am fully familiar with all the facts and proceedings in the captioned action.

2. I submit this affidavit in support of Delta Air Lines, Inc.'s motion for summary judgment seeking indemnification from Swissport USA, Inc. in accordance with the Master Agreement for Airport Services entered into as of August 1, 2000 between Delta Air Lines, Inc. (hereinafter "Delta") and Swissport USA, Inc. (hereinafter "Swissport"). A copy of said Master Agreement is attached hereto as Exhibit "A".

3. Included among the airports at which Swissport provides airport services governed by the Master Agreement is John F. Kennedy International Airport in Jamaica, New York. Among the services provided by Swissport to Delta at JFK Airport are cargo handling services for both inbound and outbound cargo (See pages A-6 through A-15 of Exhibit "A"). Among Swissport's cargo handling duties are the duty to report any cargo handling irregularities to Delta; to handle damaged cargo matters; to process claims; and to notify Delta's Consumer Affairs Department of complaints and claims. (See page A-7 of Exhibit "A").

4. The Master Agreement provides for the indemnification of Delta by Swissport from and against all claims arising out of Swissport's performance of services required of it pursuant to the Master Agreement (See 11. INDEMNIFICATION, on page 14 of Exhibit "A").

5. Delta, in this action, has been sued in connection with the alleged damage to a shipment said to contain pharmaceuticals which were delivered to Delta at JFK, on September 23, 2006 for carriage to Barcelona, Spain, pursuant to air waybill #006-4471-9846, a copy of which is attached hereto as Exhibit "B". Swissport, as part of the services it provides to Delta at JFK, with regard to outbound cargo, accepted this shipment and prepared it for transporting to

the Delta aircraft which would carry the cargo to Barcelona, Spain. According to Delta's records, a portion of the cargo was loaded by Swissport onto a Unit Load Device ("ULD") bearing number PMC 72737, with the remainder loaded onto a second Unit Load Device. During the transporting of ULD #PMC 72737 from the cargo facility at JFK to planeside, by Swissport, the ULD fell off the dolly it was being transported on, allegedly causing damage to the cargo. Attached hereto as Exhibit "C" is a copy of an e-mail from Delta's Kevin Madden to Delta's Gene Bartalini (both at JFK) advising Mr. Bartalini and others, including Swissport personnel, of the incident.

6.  The incident involving the plaintiff's cargo took place while that cargo was being handled at JFK by Swissport pursuant to the Master Agreement. Swissport took delivery of the cargo; loaded it upon a dolly for transportation from the cargo facility to the intended outbound flight, and was in the process of transporting it to the outbound flight when a portion of the cargo fell off the dolly on which it had been loaded. (See Exhibit "A", pages A-6 and A-11).

7.  Delta has tendered the defense of the plaintiff's action against it, in connection with the involved shipment, to Swissport and requested indemnification of all its costs from Swissport, in accordance with the Master Agreement ( See Exhibit "A", page 14). I am advised that while Swissport has agreed to assume the defense of Delta, it has conditioned indemnification upon such indemnification being only from the date of tender, instead of the date of the incident, although the Master Agreement provides for indemnification of "all costs and expenses of any kind or nature whatsoever". This of great concern to Delta, since Swissport handles and has been handling cargo on behalf of Delta, pursuant to the Master Agreement at approximately 12 - 15 airports, resulting in at least $1.5 million in claims over the past 3 years, claims which Delta has paid and which fall within the indemnity provision of the Master

Agreement. With the exception of the within claim and one other, these other claims have not, as yet, been submitted to Swissport for reimbursement. Should Swissport's pre-condition upon indemnification pursuant to the Master Agreement, to costs after the date of tender, apply, Delta would not be able to recover the payments it has made upon claims where the responsibility lies with Swissport, in accordance with the Master Agreement.

8. Wherefore, deponent respectfully requests that Delta's motion seeking full indemnification pursuant to the Master Agreement be granted in its entirety.

                                                            _____
                                                              NORMA I. BAYRON

Sworn to before me this
/s/ day of Aug., 2008

_____
Notary Public

Notary Public, Pike County, Georgia
My Commission Expires Nov. 26, 2011