**HYMAN SPECTOR & MARS, LLP**
Attorneys for Defendant, UTi United States, Inc.
150 W. Flagler Street, Ste. 2701
Miami, Florida 33130
Tel: (305) 371-4244
Fax: (305) 371-5930
Attorney: Andrew R. Spector

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

AMERICAN HOME ASSURANCE COMPANY,

    Plaintiff,                           **CASE NO.: 07 Civ. 6219 (DC)**

vs.

DELTA AIR LINES, INC., UTi UNITED
STATES, INC., & SERVICIOS LOGISTICS
INTEGRADOS and SWISSPORT USA, INC.,

    Defendants,
_____/

### DECLARATION OF ANDREW R. SPECTOR

**ANDREW R. SPECTOR**, being duly sworn, deposes and says:

1. I am an attorney duly admitted to practice in the Court of the State of New York and in the United States District for the Southern District of New York, and I am a member of the Law Firm of Hyman Spector & Mars, LLP, attorneys for Defendant, UTi, UNITED STATES, ("UTi"). I submit this Affidavit in support of UTi's Motion for Summary Judgment.

2. Plaintiff, American Home Assurance Company, as subrogee of Bristol-Meyers Squibb, seeks recovery against UTi, Delta Airlines, Servicios Logistics Integrados, and Swissport, for damages in the amount of

1

$591,023.73 in relation to the transportation of certain cargo under the Montreal Convention.

3. As set forth more fully set forth herein, and as supported by the Affidavit of Kevin Woods, Air Export Manager for UTi, by the admissions contained in the pleadings of the parties, and by the responses to discovery, as well as UTi's Memorandum of Law offered in support of its Motion for Summary Judgment, I attest that no material fact exists requiring a trial and this Defendant, UTi, as a mater of law is entitled to judgment dismissing the complaint as to it and judgment in its favor wih regard to its cross-claims against Delta as well as the cross-claims brought against it by Delta and Swissport.

**FACTUAL BACKGROUND**

4. UTi was hired by Bristol-Meyers to serve as freight forwarder to arrange for the transportation of pharmaceutical products from JFK Airport to Barcelona Airport.

5. UTi, on behalf of Bristol-Meyers, arranged for Delta Air Lines, Inc. to serve as the carrier for the transportation of the subject cargo from JFK International Airport in New York to the airport in Barcelona. UTi issued house air waybill JFK71673835 (attached hereto as Exhibit "A") for this transport.

6. Bristol-Meyers a third-party ground transporter to move the shipment, from its facility in Plainsboro, New Jersey to JFK and directly into the possession of Delta Airlines.

7. UTi had no involvement with the loading, transportation and unloading of the subject cargo at any time from the Plainsboro facility to JFK.

8. The subject cargo was accepted by Delta Airlines in good order and condition as reflected in master air waybill 00644719846 (attached hereto as Exhibit "B") and transported to Barcelona.

9. The cargo was allegedly found to be damaged upon unloading at Barcelona airport by Worldwide Flight Services, which issued a report noting the damage (attached hereto as Exhibit "C").

10. Plaintiff produced in response to discovery propounded by UTi a Survey Report (attached hereto as Exhibit "D"), which concluded that the cargo was damaged while being loaded onto the aircraft at JFK.

11. Delta admitted in its third-party claim against its cargo handler, Swissport, that the cargo was damaged while being handled by Swissport at JFK. In Delta's motion for summary judgment against Swissport, Delta asserted that the cargo was damaged while in the custody of Swissport, when it fell off of a dolly being utilized to load the cargo onto Delta's aircraft.

12. Plaintiff, as subrogee of Bristol-Meyers, brings this action under the Montreal Convention.

**ARGUMENT**

13. The Montreal Convention governs all claims and cross-claims in this matter.

14. Summary Judgment dismissing the Amended Complaint, as to UTi should be granted on several grounds. Additionally, Sumary Judgment should be granted in favor of UTi on its cross-claim for indemnity, on Delta's cross-claims for indemnity and contribution as well as on Swissport's cross-claim for contribution on several grounds. Each ground is summarized herein, along with the facts as revealed in discovery. The legal arguments are set forth in the accompanying Memorandum of Law. The factual basis relating to UTi's involvement with respect to the subject cargo is set forth in the accompanying Affidavit of Kevin Woods, Air Export Manager of UTi, the pleadings and the responses to discovery.

15. UTi never had possession of the subject cargo.

16. The evidence and the admission in the allegations make clear that, if the cargo was damaged, such damage occurred while in the possession of either Delta Airlines or Swissport, Delta's cargo handler during the handling of and/or loading of the cargo onto Delta's aircraft.

17. As such, UTi is absolved from all liability under the Montreal Convention, since it is clear that the cargo was damaged by an entity other than UTi.

18. Alternatively, if found liable, UTi's liability is limited pursuant to the terms of the Montreal Convention to 17 SDRs per kg.

19. Further, since the evidence clearly indicates that entities other than UTi, namely Delta Airlines and/or its subcontractor, Swissport are primarily

and directly responsible for any alleged damages, UTi, if found liable, must be indemnified by Delta for any and all damages, including all attorney's fees and costs incurred in defending this action.

20. Delta has also brought cross-claims for indemnity and contribution against UTi. Swissport, in turn has asserted a claim for contribution against UTi.

21. Since UTi owed no duty to either of these entities, and since no allegations have been made, nor evidence presented indicating that UTi was involved in any manner with the handling of the cargo which resulted in the alleged damages, these cross-claims by Delta and Swissport must inevitably fail as being contrary to both the record evidence and the law.

22. To the extent that Swissport is to indemnify Delta, UTi seeks a pass-through indemnity from Delta which places the obligation upon Swissport.

23. Finally, at the status conference in this matter, the Court directed UTi to seek attorneys' fees for the filing of this motion.

WHEREFORE, for the reasons set forth herein, as supported by the admissions in the pleadings, responses to discovery, and Affidavit of Kevin Woods, UTi's Motion for Summary Judgment should be granted.

Dated: Miami, Florida
August 5, 2008

ANDREW R. SPECTOR (ARS 3887)

5