**HYMAN SPECTOR & MARS, LLP**
Attorneys for Defendant, UTi United States, Inc.
150 W. Flagler Street, Ste. 2701
Miami, Florida 33130
Tel: (305) 371-4244
Fax: (305) 371-5930
Attorney: Andrew R. Spector

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

AMERICAN HOME ASSURANCE COMPANY,

       Plaintiff,                    **CASE NO.: 07 Civ. 6219 (DC)**

vs.

DELTA AIR LINES, INC., UTi UNITED
STATES, INC., & SERVICIOS LOGISTICS
INTEGRADOS,

       Defendants,
_____/

## AFFIDAVIT OF KEVIN WOODS

**BEFORE ME** the undersigned authority, personally appeared, Kevin Woods, who after being duly sworn, deposes and says:

1. Affiant is currently over the age of 21 years and is otherwise sui juris.

2. Affiant is the Air Export Manager at the JFK office of UTi, United States, Inc., Defendant in the above-styled action.

3. In my capacity as Air Export Manager, I have access to the books and records of UTi, United States (hereinafter "UTi"), which are kept in the ordinary course of business relating to the subject cargo as referenced in

CASE NO.: 07 Civ. 6219 (DC)

this matter. As such, I have access to the books and records which reflect the UTi's involvement in the transportation of the subject cargo.

4. The books and records of UTi are kept in the ordinary course of business and consist of documentation utilized by UTi.

5. Upon review of such books and records, and based upon my personal knowledge, I am thoroughly familiar with UTi's involvement with respect to the provision of services relating to the transportation of the subject cargo.

6. Upon review of such books and records, and upon my personal knowledge, I am familiar with the claim brought against UTi and Delta Airlines by Bristol Meyers Squibb.

7. UTi was hired by Bristol Meyers to arrange for the transportation of shipment from Bristol Meyers in New Jersey to Bristol Meyers in Barcelona, Spain. According to the commercial invoice and packing list supplied by Bristol Meyers, (Exhibits "A" and "B") the shipment was said to be comprised of 12 packages of Megace. To that end, UTi arranged for Delta Airlines to act as the air carrier for the transportation of the cargo from JFK to the airport in Barcelona. According to the air waybills executed on September 21, 2006, Exhibits "C" and "D", the cargo was supposed to be transported on Delta Airlines flight 94.

8. As reflected in the air waybills, no value was declared for the transportation of this cargo, and no insurance was obtained through the carrier.

9. Bristol Meyers hired its own transportation company to move the subject cargo from its facility in New Jersey to JFK. Bristol Meyers, or the transportation company it hired, packed and loaded the cargo for transportation. The cargo was delivered by the transportation company to Delta Airlines at JFK. At no time did UTi have possession of the cargo. Delta Airlines, or its agent or subcontractor, received the cargo and loaded the cargo onto Delta Airlines aircraft. After it took possession of the subject cargo, but prior to it being loaded upon the aircraft, Delta Airlines, or its agent or subcontract, broke down the pallets of cargo into separate shipments, as referenced in Master Air Waybills with stamp "Part Shipment" (Exhibits "E" and "F"), and the Delta Airlines Shipment Tracking and Air Cargo Tracking information as referenced in Exhibits "G" and "H". UTi was not present during the division of the shipment. UTi did not order the action, no authorize the division of the shipment. These actions were undertaken by Delta Airlines, or its agent or subcontractor, without UTi's knowledge or authorization. These shipments were then handled and stored by Delta Airlines or its agent or subcontractor and loaded upon the Delta aircraft. At no time did UTi handle the shipments. At no time during this transportation was UTi a cargo handler for the cargo acting on behalf of Delta Airlines. According to the Damage Report prepared by Worldwide Flight Services (Exhibit "I"), the cargo, or part of the cargo, arrived damaged, with damage to the packaging and broken seal(s). The Damage Report also indicates that the shipment arrives on three separate dates. There is no document in UTi's possession which shows that the packages were damaged or the seals broken at any time prior Delta Airlines taking possession of the packages. Furthermore, Delta Airlines gave no indication, either verbal,

CASE NO.: 07 Civ. 6219 (DC)

written or otherwise, that the packages it received for transport from Bristol Meyers damaged or had their seals broken. Since the Damage Report shows that the damages were noticed upon arrival during the offloading of the cargo, the damage must have occurred while the cargo was in the possession of Delta Airlines.

10. At no time did UTi have possession, custody or control of the subject cargo. Specifically, I state that UTi had no involvement in the loading and transportation of the subject cargo from Bristol Meyers' facility to JFK Airport, nor with the unloading and loading of the subject cargo at JFK. UTi had no involvement whatsoever with the selection of the person or entity used to transport the subject cargo from Bristol Meyer's facility to JFK. Further, no UTi employees witnessed the loading nor unloading of the subject cargo during this transportation. Bristol Meyers selected the entity to transport the cargo from its facility to JFK. Bristol Meyers loaded the cargo at its facility. Bristol Meyers delivered the cargo to Delta Airlines, which loaded the cargo onto its aircraft.

11. UTi had no involvement in the loading of the cargo onto any aircraft at JFK. No UTi agents or employees witnessed the delivery of the subject cargo to Delta airlines, nor its loading onto any aircraft in JFK.

12. UTi had no involvement with the unloading or delivery of the subject cargo from any aircraft in Spain. Further, no employees of UTi witnessed

4

CASE NO.: 07 Civ. 6219 (DC)

the unloading of the subject cargo from any aircraft in Spain. No employees of UTi witnessed the delivery of the subject cargo to any person or entity in Spain.

13. UTi merely arranged for the transportation of the subject cargo from JFK to the airport in Barcelona, Spain. UTi neither stored nor packed the cargo. UTi was in no way involved with unpacking, re-packing, or dividing the shipment in any manner. UTi had no involvement regarding the storage, loading, unloading, or handling of the subject cargo at any time.

14. UTi's only involvement with regard to the subject cargo was that it made the arrangements for the subject cargo to be transported from JFK to the airport in Barcelona and the issued the necessary documentation to effect that transportation.

**FURTHER, AFFIANT SAYETH NAUGHT.**

_____
KEVIN WOODS

STATE OF New York

COUNTY OF Queens

The foregoing instrument was acknowledged before me this 5 day of August, 2008 by Kevin Woods, ___ who is personally known to me or X who has produced Driver License as identification and who did (did

5

CASE NO.: 07 Civ. 6219 (DC)

not) take an oath.

(SEAL)

**Ronnie R. Garcia**
Notary Public State of New York
No. 01GA6129895
Qualified in Queens County
Commision Expires 07/05/2009

_____
NOTARY PUBLIC

F:\WP51\FILES\Robert\UTi - Bristol Meyers Squibb\Affidavit of Kevin Woods.doc

6