**HYMAN SPECTOR & MARS, LLP**
Attorneys for Defendant, UTi United States, Inc.
150 W. Flagler Street, Ste. 2701
Miami, Florida 33130
Tel: (305) 371-4244
Fax: (305) 371-5930
Attorney: Andrew R. Spector

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

AMERICAN HOME ASSURANCE COMPANY,

    Plaintiff,                               **CASE NO.: 07 Civ. 6219 (DC)**

vs.

DELTA AIR LINES, INC., UTi UNITED
STATES, INC., & SERVICIOS LOGISTICS
INTEGRADOS,

    Defendants,
_____/

**UTi, UNITED STATES' RULE 56.1 STATEMENT**

Pursuant to Local Rule 56.1, Defendant, UTi, United States, Inc. ("UTi") submits its Statement of Undisputed Material Facts in support of its Motion for Summary Judgment, herein:

1. UTi was hired by Bristol-Meyers Squibb to arrange for the transportation of a shipment said to be comprised of 12 packages of Megace from JFK International Airport to Barcelona Airport. (See Affidavit of Kevin Woods, ¶ 7).

2. UTi, on behalf of Bristol-Meyers, arranged for Delta Airliens to act as air carrier for the transportation of the cargo from JFK to Barcelona via air. (See Affidavit of Kevin Woods, ¶ 7).

3. Bristol-Meyers did not declare any value for the transportation of this cargo, and no insurance was obtained through the UTi. (See Affidavit of Kevin Woods, ¶ 8).

4. The cargo was transported from Bristol-Meyers' facility in New Jersey to JFK by a transportation company hired by Bristol-Meyers. (See Affidavit of Kevin Woods, ¶ 9).

5. The cargo was delivered to Delta Airlines at JFK. (See Affidavit of Kevin Woods, ¶ 9; Delta Airlines Answer to Amended Complaint, ¶ 5).

6. At JFK, the cargo was handled by Defendant Swissport. (See Delta's Third Party Complaint, ¶ 10, 14, 15; and Amended Complaint, ¶ 8 and Swissport's Answer to Amended Complaint, ¶8).

7. At no time was UTi the cargo handler for Delta Airlines. (See Answer filed by Delta, ¶ 3, Answer filed by UTi, ¶ 4).

8. Delta Airlines transported the subject cargo from JFK to Barcelona. (See Delta's Third Party Complaint, ¶ 8).

9. Upon arrival in Barcelona, the cargo was offloaded by Worldwide Flight Services (See Survey Report No. 2006/718 Y. Ref. 0071452 (hereinafter "Survey Report" at page 3).

10. Worldwide Freight Services prepared a Damage Report, which provided that the cargo arrived damaged, that the damage was noticed upon offloading at arrival, and that the packaging and seals were broken. (See Worldwide Freight Services Damage Report and Affidavit of Kevin Woods, ¶ 9).

11. A survey of the alleged damage was conducted on October 17, 2006 (See Survey Report at page 1).

12. The Survey Report provides, at page 3:

   During the inspection together with technical staff of Bristol Myer Squibb S.L. the Undersigned observed that pallets had been dismantled with the seals being broken. After careful inspection the following result was found:
   - 4 pallets, (Nos. 4, 9, 10 & 11) containing a total of 600 boxes, were found to be in good condition and with original packaging
   - Carton boxes crushed and stained.
   - Some of the boxes in the pallets were the wrong side up
   -  Soil was found on some boxes
   - Different types of pallets, some orange, had been used.
   - One box (pallet No. 1) which should have contained 12 bottles of MEGACE Oral Suspension, was completely empty. This empty box appeared crushed within the pallet.

13. The surveyor concluded that the damage to the shipment was caused by the dismantling of the pallets and the manner in which they were loaded on the aircraft. (See Survey Report at page. 4).

14. The cargo, if damaged, was damaged during the handling and loading of the pallets containing the cargo. (See Delta Third Party Complaint, ¶ 15 and Delta's Motion for Summary Judgment at page 2).

15. Delta claims that a portion of the subject shipment fell from a dolly while being handled by Swissport. (See Delta's Motion for Summary Judgment at page 2).

16. Delta claims that the fall from the dolly was the cause of the alleged damages. (See Delta's Motion for Summary Judgment at page 2).

17. Swissport is the entity hired by Delta to handle the subject cargo at JFK. (See Delta's Third Party Complaint (See Delta's Motion for Summary Judgment at page 2).

18. Swissport and/or Delta divided the shipment onto separate aircraft. (See Delta's Motion for Summary Judgment at page 2 and Affidavit of Kevin Woods, ¶ 9 ).

19. UTi had no knowledge of any division of the shipment. (See Affidavit of Kevin Woods, ¶ 9 ).

20. UTi did not consent to, nor authorize any division of the shipment. (See Affidavit of Kevin Woods, ¶ 9 ).

21. UTi had no involvement with the loading of the subject cargo onto the aircraft. (See Affidavit of Kevin Woods, ¶ 9, 10, 11).

22. UTi did not handle the at JFK, or at any time. (See Affidavit of Kevin Woods, ¶ 7, 9, 10, 11).

23. UTi did not witness the cargo being delivered to Delta, nor its being handled or loaded onto Delta's aircraft. (See Affidavit of Kevin Woods, ¶ 7, 9, 10, 11).

24. UTi had no involvement with the unloading of the cargo in Barcelona. (See Affidavit of Kevin Woods, ¶ 12).

25. Delta received the cargo in apparent good order and condition. (See Delta air way bill 006-44719846).

26. Delta noted no exceptions on its air waybill. (See Delta air way bill 006-44719846 and (See Affidavit of Kevin Woods, ¶ 8).

27. Delta transported the subject cargo under this air way bill 006-44719846. (See Delta Answer, ¶ 5).

28. UTi neither stored nor packed the cargo. (See Affidavit of Kevin Woods, ¶ 13).

29. UTi was not involved with unpacking, re-packing, or dividing the shipment in any manner. (See Affidavit of Kevin Woods, ¶ 13).

Dated: Miami, Florida
August 5, 2008

/s/ Andrew Spector
ANDREW R. SPECTOR (ARS 3887)