# MOUND COTTON WOLLAN & GREENGRASS
## COUNSELLORS AT LAW

ONE BATTERY PARK PLAZA
NEW YORK, NY 10004-1486

(212) 804-4200

FAX: (212) 344-8066

www.MOUNDCOTTON.COM

NEW YORK, NY
NEWARK, NJ
GARDEN CITY, NY
SAN FRANCISCO, CA
FT. LAUDERDALE, FL

**WRITER'S DIRECT DIAL**
212-804-4229
fmontbach@moundcotton.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/08

August 8, 2008

**VIA FAX**

*[Handwritten note:]* The Court will hold a conference on August 27, 2008, at 10 A.M. All proceedings (including briefing of any motions) are stayed in the meantime.
SO ORDERED.
[signature] 8/8/08

Honorable Denny Chin
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1020
New York, NY 10007

Re: American Home Assurance Co. v. Delta Air Lines, Inc.;
Delta Airlines, Inc. v. Swissport USA, Inc.
Docket No: 07 Civ. 6219 (DC)
Our File No.: 0103.272

Dear Judge Chin:

We represent Third-Party Plaintiff Delta Air Lines, Inc. in the captioned matter and write in response to Third-Party Defendant Swissport USA, Inc.'s letter of August 8, 2008 regarding Delta's Motion for Summary Judgment filed on August 5, 2008.

As this Court is aware, Swissport, when they accepted Delta's tender of the defense of the plaintiff's action, conditioned any indemnity of Delta's costs and expenses to "reasonable" costs and expenses incurred after the date of tender, two conditions which are not part of the indemnification provision of the Master Agreement between Delta and Swissport. Swissport's counsel was advised that Delta could and would not agree to these added conditions and that it expected Swissport to indemnify it in accordance with the Master Agreement.

The issue raised in Delta's motion, the claimed need for notice or tender in order for there to be full indemnification transcends the amount in controversy in this action. There currently exists another matter where Swissport has taken the same position as it did here, until August 4, 2008, and as is pointed out in Delta's moving papers, the issue

MOUND COTTON WOLLAN & GREENGRASS

- 2 -

affects multiple claims, totaling at least $1.5 million which fall within the indemnity provision of the Master Agreement.

If, as proposed by Delta, Swissport were to agree that there is no notice or tender requirement for full indemnification of Delta under the Master Agreement, then Delta will agree that there is no need to proceed with the pending motion. It is difficult, from Swissport's counsel's letter, to determine whether Swissport rejects Delta's proposal, which would end the issue one once and for all, or whether Swissport, having forced Delta to incur the expense of litigating the issue and prepare the pending motion, merely wants to resolve this one claim, only to raise the issue again and relitigate it. If the latter is the case then that is an obvious waste of judicial economy. If Swissport needs more time to consider Delta's proposal, the motion can be adjourned until Swissport makes a decision.

In either case, we respectfully request that Swissport's request for an Order directing Delta to withdraw its motion be denied, or, in the alternative, that a conference be scheduled to address the issue. If the latter, we request that the conference not be scheduled until after August 25, 2008 in view of the fact that the undersigned will be actually engaged in the trial of a wrongful death action, Hoogland v. Transport Expressway, in Supreme Court, Orange County, which trial commences on Monday, August 11, 2008 and which is forecast to take two weeks. Should that trial be concluded before August 22, 2008, we will advise the Court accordingly.

We thank the Court for its assistance.

Respectfully yours,

MOUND COTTON WOLLAN & GREENGRASS
Attorneys for Third Party Plaintiff
Delta Airlines, Inc.

By: _____
Francis A. Montbach (FAM9631)

FAM:mk
ccs.: (VIA FAX)
Roberta Miranda, Esq.
MENDES & MOUNT, LLP
750 Seventh Avenue
New York, NY 10019-6829